ROTHE, Adm'r &c., vs. THE MILWAUKEE & ST. PAUL RAILROAD COMPANY.

*Railroad Companies—Negligence.*

One of the defendant's tracks, connecting two depots near a city, ran within six or eight feet of the top of steps leading into the basement of a flouring mill; and plaintiff's decedent passed over the track and down the steps into the mill, and soon after returned with two bags of flour on his right shoulder, which completely obstructed his view on that side; and stepping in front of a train of cars approaching from the right at a speed of four miles per hour, he was immediately run over and killed. *Held*, that there was such negligence on the part of the deceased, contributing to the injury, that plaintiff could not recover therefor.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought by the administrator of one Schuh, under secs. 12, 13, ch. 135, R. S., to recover damages from the defendant for having negligently caused the death of said Schuh. The circuit court nonsuited the plaintiff, on the ground that it appeared from his own evidence that the deceased was guilty of negligence which contributed to the injury. Plaintiff appealed from the judgment.

The facts upon which the decisions of this court and the circuit court are based, will sufficiently appear from the syllabus and the opinion. Those on which plaintiff relied to show negligence in the defendant, are not deemed important here.

*C. K. Martin* (with whom was *H. L. Palmer*, of counsel), for appellant, contended that the question whether, under all the circumstances, there was negligence on the part of the deceased, should have been submitted to the jury, citing *Beers v. Housatanic R. R. Co.*, 19 Conn., 566; *Munroe v. Leach*, 7 Met., 274; *Dascomb v. Buffalo & State Line R. R. Co.*, 27 Barb., 221; *Hartfield v. Roper*, 21 Wend., 615; *Rathbun v. Payne*, 19 id., 399; Angell on Carriers, secs. 10, 22, 27.

*Jno. W. Cary*, for respondent.

COLE, J.   We think the evidence introduced by the plaintiff clearly showed that the deceased, Schuh, was guilty of great negligence, which contributed to produce his death.   It seems that he had just passed over the railroad track into the mill, went down stairs, and placed two bags of shorts on his right shoulder, so as to completely obstruct his view on that side (and probably so as to prevent his hearing in the right ear), and walked directly up out of the mill on to the track, where he was struck by the cars.   Persons standing around saw the cars approaching; and the deceased would doubtless have seen them too, had he exercised ordinary care and prudence in looking about him before passing on to the track. Although the space lying between the mill and Third Street was open, and used by the public to pass and repass to and from the mill and elsewhere, yet it was not one of the street crossings.   The deceased knew about the location of the track, and that cars were passing there frequently; and it was his duty to look about him, and not walk blindly against moving cars.   It seems to us, after carefully considering all the evidence, that the deceased was guilty of great negligence, which directly contributed to produce the injury.   Under such circumstances, the law is well settled that the company is not liable.

*By the Court.*—The judgment of the circuit court is affirmed.