SCHOENFELD, by guardian *ad litem*, Appellant, vs. MILWAUKEE CITY RAILWAY COMPANY, Respondent.

*September 10 — September 24, 1889.*

*Street railways: Injury to person: Contributory negligence.*

The plaintiff was injured by a collision while riding on the foot-board of an open street-car. The jury found that there was room inside the car, that the plaintiff knew he was in a dangerous place, and that he was guilty of negligence contributing to the injury. *Held,* that he could not recover for the injury, the negligence of the carrier not being gross or wilful.

APPEAL from the Superior Court of *Milwaukee* County. The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant rendered upon a special verdict.

*M. N. Lando,* for the appellant, to the point that it was not, as a matter of law, negligence to stand upon the foot-board of the car, cited *Woodman v. Met. R. Co.* 4 Lawyers' Rep. Ann. 213, and note; *City R. Co. v. Lee,* 50 N. J. Law, 435; *Geitz v. M. C. R. Co.* 72 Wis. 308.

For the respondent there was a brief by *Finches, Lynde & Miller,* attorneys, and *E. P. Smith,* of counsel, and oral argument by *B. K. Miller, Jr.*

ORTON, J. This action is brought by the plaintiff to recover damages of the defendant for personal injury while a passenger on one of the open cars of the defendant on its street railway in the city of Milwaukee, caused by a collis-

ion of cars, through the defendant's negligence. The only facts necessary to be stated to make the decision intelligible are the following: The plaintiff stepped and stood on the inside foot-board of one of the cars, on account of its being so full of passengers and without any vacant seat; and while so standing it passed a car on an adjoining track, which was off the track on the inside, and which was so near as to strike the plaintiff and injure him. The injury was not great, and the damages found by the jury were only $25. The jury found that there was room inside of the car at the time, which the plaintiff might have occupied, and that the plaintiff knew that he was standing in a dangerous place; and these findings were supported by the evidence. This last fact the plaintiff admitted, but on cross-examination explained that he meant he had found out by the collision or accident that he was in a dangerous place. The conductor of the car testified that he said to the plaintiff: "You better step inside. You are liable to get hurt." These facts the jury were warranted in finding from the evidence. In answer to the tenth question of the special verdict, as follows: "Was the plaintiff guilty of negligence contributing to the injury complained of?" the jury answered: "Yes."

On this appeal, this finding of the plaintiff's negligence is the only one that is material to be considered, for it is fatal to the plaintiff's case, unless it was unsupported by the evidence, which we have seen it was not, but warranted by the facts proved. That such is the law has grown to be elementary. Any negligence of the plaintiff, however slight, that contributed to the injury complained of, precludes his recovery. *Stucke v. M. & M. R. Co.* 9 Wis. 202; *Milwaukee & C. R. Co. v. Hunter*, 11 Wis. 160; *Rothe v. M. & St. P. R. Co.* 21 Wis. 256; *Potter v. C. & N. W. R. Co.* 21 Wis. 372; *Cunningham v. Lyness*, 22 Wis. 245; *Pitzner v. Shinnick*, 39 Wis. 129; *Otis v. Janesville*, 47 Wis. 422;

*Randall v. N. W. Tel. Co.* 54 Wis. 140; *Hoth v. Peters,* 55 Wis. 405; and many other cases in this court.

The learned counsel of the appellant contends that, inasmuch as the defendant was guilty of *gross* negligence that caused the injury, this principle does not obtain. But neither the facts in evidence nor the finding of the jury made the defendant guilty of *gross* negligence. It was mere negligence, and not wilful or gross, that the jury found against the defendant. The authorities cited to this point are therefore inapplicable. The court correctly rendered judgment against the plaintiff on the special verdict of the jury.

*By the Court.*— The judgment of the superior court is affirmed.