SCHMOLZE, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 27, 1892 — January 10, 1893.*

*Railroads: Negligence: Injury to person on track: Contributory negligence: Supervening negligence of engineer: Court and jury.*

1. Plaintiff attempted to walk across or along the main track of a railroad. There was nothing to obstruct his view of the track or divert his attention from the conditions surrounding him; but he failed to look for approaching trains, and was struck and injured by a passing locomotive. *Held*, that he was guilty of contributory negligence preventing a recovery, although he did not expect a train and no regular train was due there at that time.

2. The locomotive was not going at an undue rate of speed, and no statute required the engineer to sound a signal at that place. The engineer saw plaintiff approach the track with the apparent intention of crossing, for which there was ample time, but plaintiff started to walk along the track between the rails. When the engineer realized plaintiff's intention, he gave an alarm, but it was too late. *Held*, that the engineer had the right to assume that plaintiff would cross the track and that he knew the locomotive was approaching; and a verdict to the effect that the exercise of reasonable care by the engineer might have avoided the consequences of plaintiff's negligence, is unwarranted. *Valin v. M. & N. R. Co.* 82 Wis. 1, distinguished.

[3. Even if the accident might have been avoided by the exercise of reasonable care on the part of the engineer after discovering plaintiff's negligence, it is doubtful whether plaintiff could recover, since up to the very moment of the injury his negligence mingled, as an efficient and equally operating cause, with the negligence of the engineer.]

APPEAL from the Circuit Court for *Lincoln* County.

The defendant company appeals from a judgment against it for $4,000 and costs, recovered by plaintiff in an action for personal injuries alleged to have been caused by the negligence of the servants of the company in operating one of its locomotives on its railroad at a point on the Wis-

consin Valley division thereof, in Oneida county, known as Harshaw.

At that point there is a sawmill and lumber yard, a store and hotel, all owned and carried on by the firm of Norway & Wiley, together with a few dwelling houses occupied by employees of the firm. A spur track leads from the main track to the lumber yard. Trains running on the railroad stop at Harshaw when there is any occasion for so doing, but it is not a regular railway station. The company had no agent or depot at, nor time schedule for, Harshaw, and the most of its trains running on that division passed there without stopping.

The railroad runs nearly north and south through Harshaw. The sawmill of Norway & Wiley is on the west side of it, and the east side of the mill is thirty feet west of the track. The store is near the track, on the east side thereof, from which it is separated only by a platform a few feet wide, and is about twenty rods south and a little east of the sawmill. The spur track leaves the main track a few rods south of the store.

Plaintiff testified on the trial that on August 28, 1891, he was at work for Norway & Wiley in the sawmill, as a mill-wright and carpenter, and had been at work there during the four next preceding months. At about 1:30 p. m. of that day he started to go to the store on an errand. He passed out at the southwest corner, and walked along the south end of the mill until he reached the southeast corner thereof. When one or two steps past that corner he looked up and down the railroad track, but saw no train. His range of vision on the track from that point to the north was about 400 feet. He continued to walk in a south-easterly direction, going about forty or fifty feet before he reached the track. He stepped between the rails, and had walked between them diagonally, to the southeast, probably sixteen or twenty feet, when he heard an alarm signal, and

was immediately struck by a locomotive engine running south on the track, and received the injuries complained of. He was walking slowly, with his head down, and did not stop, and did not look either way along the track for trains. The result of the injury was that one of plaintiff's legs was necessarily amputated four or five inches above the ankle. He was then twenty-four years of age, and had a wife and child dependent upon his earnings for support.

It is conclusively proven that as the plaintiff approached the track his range of vision along the same to the north constantly lengthened, and when he stepped between the rails, and until he was struck by the locomotive, he could, had he looked, have seen the track to the north for eighty rods, without obstruction.

The locomotive which struck plaintiff belonged to a regular daily freight train which usually passed Harshaw, going south, about 12:30 P. M. On the day that plaintiff was injured this train was nearly or quite one hour late, and plaintiff supposed it had passed before he started for the store. At a point thirty rods or more north of the place of injury, the locomotive was uncoupled from the train for the purpose of going in on the spur track to take out some empty cars standing thereon. The train of cars was stopped nearly opposite the mill, and the locomotive passed on towards the switch leading to the spur track. The plaintiff knew that this train was occasionally late, and knew also that sometimes trains ran upon the railroad at irregular times.

There is much testimony bearing upon the question of the alleged negligence of the defendant's engineer and fireman on the locomotive, but in the view taken of the case by the court it is unnecessary to refer further to the subject, except to state that the trial court held that there was no proof that such negligence was gross or wilful.

The court refused to direct a verdict for defendant, and

refused to give several instructions proposed on its behalf. The jury returned a verdict for plaintiff, assessing his damages at $4,000. A motion by defendant to set aside the verdict and for a new trial was denied. Judgment and appeal as above stated.

For the appellant there was a brief signed by *John T. Fish* and *Curtis, Curtis & Reed*, attorneys, and *Geo. P. Cary*, of counsel, and the cause was argued orally by *Burton Hanson* and *Geo. P. Cary*.

For the respondent there was a brief by *Bump & Kreutzer*, and oral argument by *E. L. Bump* and *D. Lloyd Jones*. To the point that it was a question for the jury whether the plaintiff was guilty of negligence contributing to the injury, they cited *Eilert v. G. B. & M. R. Co.* 48 Wis. 606; *Terre Haute & I. R. Co. v. Voelker*, 129 Ill. 540; *Terre Haute & P. R. Co. v. Barr*, 31 Ill. App. 57; *Chicago, M. & St. P. R. Co. v. Wilson*, 133 Ill. 55; *Toledo, St. L. & K. C. R. Co. v. Cline*, 135 id. 41; Bishop, Non-Contract Law, sec. 1043, notes 2–5; *Valin v. M. & N. R. Co.* 82 Wis. 1; *Krause v. C., M. & St. P. R. Co.* id. 568; *Plummer v. E. R. Co.* 73 Me. 591; *Ind. & V. R. Co. v. McLin*, 8 Am. & Eng. R. Cas. 237; *Chaffee v. B. & L. L. R. Corp.* 104 Mass. 108; *Greany v. L. I. R. Co.* 101 N. Y. 419; *Sherry v. N. Y. C. & H. R. R. Co.* 104 id. 652; *Nosler v. C., B. & Q. R. Co.* 73 Iowa, 268; *Penn. & N. Y. C. R. Co. v. Huff*, 8 Atl. Rep. 789; *Lehigh & W. B. C. Co. v. Lear*, 9 id. 267; *Ellis v. L. S. & M. S. R. Co.* 138 Pa. St. 506.

The following opinion was filed November 15, 1892:

Lyon, C. J. We cannot uphold the judgment of the circuit court from which this appeal is taken. The testimony of the plaintiff proves conclusively that he was guilty of negligence which contributed directly to the injury of which he complains. The sawmill was running when plaintiff started for the store, and continued to run until

Schmolze vs. The Chicago, Milwaukee & St. Paul R. Co.

he was injured. The noise made by it interfered, or was liable to interfere, with his hearing an approaching train. This fact increased his obligation to make use of his eyes when he went upon the track, and while on it, to ascertain if a train was approaching him. He was walking slowly (as he estimates it, two or two and one half miles per hour), and nothing was transpiring there to distract his attention from a proper consideration of the dangers of the situation. A glance to the north up the track, as he approached it, or during most of the time he was walking between the rails, would undoubtedly have disclosed to him the presence of the approaching locomotive, and enabled him to escape injury. Several persons at the sawmill, and others on the platform at the store, saw the locomotive approaching the plaintiff in time for him to have easily got out of the way of it had he also then discovered it; and those upon the platform tried to warn him of his peril, but without success. He walked slowly a distance of from fifty-six to seventy feet, a portion of it between the rails, with his back partly to the north (from which direction the locomotive approached), entirely unconscious of probable danger, and without even taking the easy precaution to look along the track in that direction to see if a train or locomotive was approaching. Under many decisions of this court this was a want of ordinary care on his part. That such negligence contributed directly to the injury complained of cannot be doubted.

It is not a sufficient explanation of, or excuse for, such negligence that plaintiff supposed no regular train would pass Harshaw at that hour. A person crossing the main track of a railroad must take notice that trains are liable to be passing at any time, and must listen and look for them if he would fulfill the requirements of ordinary care. If he knows that a train is due there at the time, it intensifies his negligence if he fails to listen and look for it, but

he is still guilty of a want of ordinary care if he fails to do so, although he does not expect a train at that particular time.

In some comments upon the case of *Duffy v. C. & N. W. R. Co.* 32 Wis. 269, found in the opinion in *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216, weight is given to the fact that in the former case there was no proof or claim that the injured party knew or had reason to believe that a train would probably pass the crossing at about the time he attempted to do so. This was mentioned as an additional reason why it was held in that case that the requirements of ordinary care did not make it the duty of such party to stop his team, leave his wagon, go upon the railroad track, and look along the same for a train. The same circumstance was mentioned by Mr. Justice ORTON in the opinion in *Winstanley v. C., M. & St. P. R. Co.* 72 Wis. 375, as excusing extraordinary precautions against danger. In that case the injury was inflicted at the crossing of a mere private way over a spur track. But in neither of those cases, nor in any other case determined by this court, so far as we are advised, has it been held that a person having his eyesight, who attempts to walk across or between the rails of the main track of a railroad, with nothing to obstruct his view of the track or divert his attention from the conditions surrounding him, is excused from looking along the track for approaching trains or locomotives, merely because he does not expect a train, or because no regular train is due there at that time. Failing to use this easy, simple, and natural precaution against accident, of looking along the track, he fails to exercise ordinary care, and, if injured on the track by a passing train, his own negligence contributes directly thereto, and he cannot recover damages of the railway company for such injuries.

The undisputed testimony brings this case fairly within the rules determined in the cases of *Rothe v. M. & St. P.*

*R. Co.* 21 Wis. 256; *Delaney v. M. & St. P. R. Co.* 33 Wis. 67; *Williams v. C., M. & St. P. R. Co.* 64 Wis. 1; *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216; *Schilling v. C., M. & St. P. R. Co.* 71 Wis. 255; *Schoenfeld v. Mil. City R. Co.* 74 Wis. 433. In numerous other cases in this court, in which it has been held that the question of contributory negligence was, under the testimony therein, for the jury, the rules laid down in the cases above cited are reaffirmed. The same rules prevail generally in other states. We shall not attempt to cite the cases, and will only refer to a very late one decided by the supreme court of Pennsylvania, in which the doctrine of the above cases is vigorously asserted and applied. *Myers v. B. & O. R. Co.* 150 Pa. St. 386.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

Upon a motion for a rehearing there was a brief for the respondent by *Bump & Kreutzer*, and a brief for the appellant by *Burton Hanson*.

The following opinion was filed January 10, 1893:

LYON, C. J. The judgment herein for the plaintiff was reversed because the undisputed evidence proved conclusively that he was guilty of negligence which contributed directly to the injury of which he complains. The plaintiff now moves for a rehearing, and alleges in support of his motion that the testimony was sufficient to send to the jury the question whether, by the exercise of reasonable care and prudence, the engineer in charge of the locomotive which ran upon and injured the plaintiff might have avoided the consequences of plaintiff's negligence. If the testimony was sufficient for that purpose, it is claimed that the jury must be presumed to have found that, had the engineer exercised proper care, the plaintiff would not

have been injured, and that under the rule laid down by this court in *Valin v. M. & N. R. Co.* 82 Wis. 1, the verdict and judgment should not be disturbed, notwithstanding the negligence of plaintiff.

As this point is not discussed in the opinion reversing the judgment, it is proper, on this motion, to refer to it. The locomotive was not going at an undue rate of speed, and no statute required the engineer to sound a signal when he passed through Harshaw. He saw plaintiff approach the track with the apparent intention of crossing it. He had the right to assume that the plaintiff would cross the track and not attempt to walk along the track between the rails. There was abundant time for him to cross before the locomotive could reach him. The engineer had the right to assume, further, that the plaintiff knew the locomotive was approaching him. Under these circumstances it was not negligence on the part of the engineer that he drove his locomotive at the rate of speed it was moving, or that he gave no danger signal until the unexpected intention of plaintiff to remain upon the track became apparent. It was then too late to avoid the accident. It is quite difficult to find enough in the testimony to send the question of the negligence of the engineer to the jury. It is more difficult, if not impossible, to find testimony which warrants submitting to the jury the question whether the exercise of reasonable care by the engineer might have avoided the consequences of plaintiff's negligence. Hence, if such a finding is essential to sustain the verdict, we think the verdict cannot be upheld.

Each action for the consequences of negligence must be determined on its own facts, and two cases are seldom so nearly alike in their facts that one of them can be said to rule the other, as to the law applicable to it. For example, the material facts in the *Valin Case* are essentially different from the facts in this case, and require the application of different rules of law thereto.

It should further be observed that, conceding the defendant railway company is chargeable with negligence, it is very doubtful whether the rule of the *Valin Case* has any application to it. We will not determine the point here, but will say in regard to it that there is great force in the ruling in *O'Donnell v. M. P. R. Co.* 7 Mo. App. 190, to the effect that the rule under consideration rests upon the principle that where the defendant, by the exercise of, ordinary care, might have averted the consequences of the plaintiff's negligence, the negligence of the latter became thereby remote, while that of the defendant becomes the proximate cause of the injury. But the case further holds that if (as here), "up to the very moment of the injury the negligence of the plaintiff mingles, as an efficient and equally operating cause, with the negligence of the defendant," the case should be taken from the jury. This rule would seem especially to commend itself to favorable consideration in a case where, as in this case, the conduct of the defendant has not been wanton, nor his negligence gross, and the defendant has no time, after he discovers the negligence of plaintiff, to adopt additional precautions against injury.

*By the Court.*— The motion for rehearing is denied, with $25 costs.