McCadden, Administratrix, Appellant, vs. Abbot and another, Trustees, Respondents.

*February 20 — March 10, 1896.*

Railroads: *Killing of employee on track: Contributory negligence: Failure to look before crossing: Court and jury.*

Plaintiff's intestate, a locomotive fireman in defendants' service, who was killed while walking across one of the tracks in a railroad yard by an engine which, when he was at some distance from the place of the accident, he had seen standing on that track several hundred feet away, but towards which, though his view was unobstructed and there was nothing to divert his attention, he had not again looked before stepping on the track, is *held* as matter of law to have been guilty of contributory negligence precluding a recovery of damages for his death,— even though the engineer of such engine was negligent in running faster than was customary and in failing to ring the bell, and such engine, if it had been run at the usual rate of speed, would not have reached the place where the accident happened until the intestate had passed over the track.

Appeal from a judgment of the circuit court for Fond du Lac county: N. S. Gilson, Circuit Judge. *Affirmed.*

This is an action to recover damages for the death of plaintiff's intestate, caused by alleged negligence on the part of a locomotive engineer in the employ of the defendants.

The deceased, Anthony D. McCadden, and his brother, James McCadden, were engaged in operating switch engine No. 13 for defendants, in the railway yards at Stevens Point, Wisconsin, the former being the fireman, and the latter the engineer. The yard was about 5,700 feet long, and was crossed, near the center, at right angles, by a public street eighty feet wide, called Michigan avenue. East of this avenue, about seventy-five feet, was the west end of a coal shed, which extended along one of the railway tracks, which may be called the "coal-shed track," for a distance of 500

feet. In the center of the shed, towards the track, was a coal chute, and at this chute, on the occasion in question, switch engine No. 49 was taking coal. Engine No. 13 was on the main track, near the center of Michigan avenue, and about 335 feet west of engine No. 49. When engine No. 13 was so located, the deceased saw engine No. 49 at the coal chute. Both engines were headed toward the east. Engine No. 13, about the time deceased looked east and observed engine No. 49 at the coal chute, commenced moving toward the west; and, after proceeding about seventy-three feet, the deceased, without looking again towards engine No. 49, stepped off of his engine to go to dinner, then proceeded about seventeen feet in a northwesterly direction on his way to dinner, and stepped on to the coal-shed track, when he was instantly struck by engine No. 49, as it was backing up at a speed of fifteen miles an hour, and was killed. From the time he saw engine No. 49 at the coal chute till he stepped on the track and was killed, he traveled on engine No. 13 seventy-five feet, and walked seventeen feet. Had he looked in the direction of the coal chute before stepping upon the track, he would have seen the engine coming toward him, and prevented the injury. He had been, prior to his death, working in defendants' yard for a considerable length of time, and knew the manner in which the work was there carried on.

The jury found, specially, that during such period it was the uniform custom to run the switch engines from one to eighteen miles an hour in the yard west of Michigan avenue, and to run not faster than six miles per hour from the coal chute to Michigan avenue, which custom was known to the deceased; that he had no reason to expect that engine No. 49 would run faster than six miles an hour from the coal chute to the avenue; that it was running fifteen miles per hour west of the avenue at the time he was killed. The jury also found, specially, as follows: "*Twelfth question.* Did the

deceased, just about the time engine No. 13 stopped and commenced to move west, and before he started to leave the engine to go to dinner, look east and see engine No. 49 standing at the coal chute? *Answer.* Yes. *Thirteenth question.* If you answer the last question 'Yes,' did ordinary care require him to look again before attempting to cross the coalshed track? *Answer.* No." The jury further found that the engine bell on engine No. 49 was not rung as the engine backed over the avenue; that deceased was not guilty of any want of ordinary care which contributed to produce his death; that his death was caused by want of ordinary care on the part of the engineer of No. 49, in that he ran the engine at too great a rate of speed and did not have the bell rung. The damages were assessed at $4,000.

Plaintiff moved for judgment upon the verdict, which motion was denied. Defendants moved for judgment upon the special verdict, which motion was granted, and judgment was thereupon entered, from which this appeal was taken.

For the appellant there was a brief by *Raymond, Lamoreux & Park* and *G. W. Bird,* and oral argument by *B. B. Park* and *Mr. Bird.* They contended, *inter alia,* that the engineer and fireman who were in charge of engine No. 49 were guilty of gross negligence and a wanton disregard of life. They backed their engine down the yard westward across Michigan avenue and across the place where the employees of the company had been licensed to travel back and forth, at an unlawful and highly dangerous rate of speed. They gave no signals whatever. They kept no lookout in the direction in which they were going. Under this state of facts the acts of the employees should be held, as matter of law, to have been the first and only cause of the death of the deceased. R. S. sec. 4393; *Butler v. M. & St. P. R. Co.* 28 Wis. 487; *Annas v. M. & N. R. Co.* 67 id. 46, 61; *Lake Shore & M. S. R. Co. v. Bodemer,* 139 Ill. 596; *Klanowski*

*v. G. T. R. Co.* 57 Mich. 525; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626. The deceased was not guilty of contributory negligence as matter of law. *Johnson v. L. S. T. & T. Co.* 86 Wis. 64; *Little v. Superior R. T. R. Co.* 88 id. 402; *Piper v. C., M. & St. P. R. Co.* 77 id. 247; *Siegel v. M. & N. R. Co.* 79 id. 404; *Valin v. M. & N. R. Co.* 82 id. 1, 13; *Duame v. C. & N. W. R. Co.* 72 id. 523, 533; *Rohde v. C. & N. W. R. Co.* 86 id. 309, 312; *Phillips v. M. & N. R. Co.* 77 id. 349, 354; *Bower v. C., M. & St. P. R. Co.* 61 id. 457, 461; *Ward v. C., St. P., M. & O. R. Co.* 85 id. 601; *Ferguson v. W. C. R. Co.* 63 id. 145; *Butler v. M. & St. P. R. Co.* 28 id. 487; *Hoye v. C. & N. W. R. Co.* 67 id. 1, 15.

For the respondents there was a brief by *Howard Morris* and *Thomas H. Gill*, attorneys, and *Philip S. Abbot*, of counsel, and oral argument by *Mr. Gill* and *Mr. Abbot*. They argued, among other things, that plaintiff's intestate, an experienced railroad man, was struck in broad daylight by an engine, which he had seen upon the track; and it is admitted that he did not guard against the approach of danger, either while approaching the track or while upon it, by looking in the direction of the engine. Irrespective of any negligence on the part of defendants or their employees, the court was bound to hold, as matter of law, upon these facts, that the deceased had been guilty of contributory negligence which was the proximate cause of his death. *Elliott v. C., M. & St. P. R. Co.* 150 U. S. 245; *Hansen v. C., M. & St. P. R. Co.* 83 Wis. 631; *Schmolze v. C., M. & St. P. R. Co.* id. 659; *Rothe v. M. & St. P. R. Co.* 21 id. 256; *Delaney v. M. & St. P. R. Co.* 33 id. 67; *Gardner v. D., L. & N. R. Co.* 97 Mich. 240; *McKinney v. C. & N. W. R. Co.* 87 Wis. 282; *Wilber v. Wis. Cent. Co.* 86 id. 535; *Kelley v. C., M. & St. P. R. Co.* 53 id. 74; *Nolan v. M., L. S. & W. R. Co.* 91 id. 16; *Schlimgen v. C., M. & St. P. R. Co.* 90 id. 186; *Buelow v. C., St. P. & K. C. R. Co.* 60 N. W. Rep. 617; *Lofdahl v. M., St. P. & S. S. M. R. Co.* 88 Wis.

421; *Kearney v. C., M. & St. P. R. Co.* 47 id. 144; *Olson v. C., M. & St. P. R. Co.* 81 id. 41; *Braudy v. D., G. H. & M. R. Co.* 64 N. W. Rep. 1056; *Loring v. K. C., F. S. & M. R. Co.* 128 Mo. 349; *Collins v. B., C. R. & N. R. Co.* 83 Iowa, 346; *Flynn v. Eastern R. Co.* 83 Wis. 238; *Farmer v. M. C. R. Co.* 99 Mich. 131; *State v. B. & O. R. Co.* 73 Md. 374; *Louisville & N. R. Co. v. Webb*, 90 Ala. 185; *Yeager v. A., T. & S. F. R. Co.* 62 N. W. Rep. 672; *Duvall v. M. C. R. Co.* 63 id. 437; *Shirk v. Wabash R. Co.* 42 N. E. Rep. 656.

MARSHALL, J.   The finding of the jury to the effect that the failure of the deceased, after having observed engine No. 49 at the coal chute, to again look in that direction before venturing upon the railway track, was not negligence on his part, was a conclusion in respect to a question of law, under the facts of this case, and therefore properly disregarded by the trial court on the motion for judgment.

It appearing undisputed, by the evidence or from the findings of the jury, that the deceased was so circumstanced, before stepping upon the track, that his view in the direction of the coal chute was unobstructed, that there was nothing to divert his attention, and that he ventured into the place of danger without first looking in the direction of the approaching engine, though there was negligence on the part of the engineer in charge of such engine, in respect to the speed he was running and the failure to sound the engine bell, and though, if it had run at the customary rate of speed from the coal chute to Michigan avenue, it would not have reached the point where the fatal accident took place till the deceased had passed over the track, he was, nevertheless, guilty of contributory negligence which precludes recovery of damages for his death.

The question here presented has been so recently and thoroughly discussed, and the law in regard to the matter so

McCadden vs. Abbot and another.

clearly stated, in the opinion of Mr. Justice CASSODAY in *Schlimgen v. C., M. & St. P. R. Co.* 90 Wis. 194, and also by Mr. Justice PINNEY in *Nolan v. M., L. S. & W. R. Co.* 91 Wis. 16, that a rediscussion of the subject at this time cannot more distinctly state the law applicable to the facts. It may safely be taken as settled, and to be so thoroughly intrenched in' the jurisprudence of this state as not to be open to rediscussion or review, that, when a person approaches a railway track, having an opportunity to look and listen, if he fails so to do before venturing into the place of danger, such failure constitutes contributory negligence, so as to prevent any recovery on the ground of want of ordinary care on the part of those operating cars upon such track. This rule is so rigidly applied that its violation is not excused by want of ordinary care on the part of the railway company or its employees in respect to the speed of trains, or failure to give signals, or in any other respect, even though such failure amounts to a violation of law regulating the operation of trains.

Among the clearest and most recent illustrations of the application of this rule in the courts of other states may be mentioned *Nixon v. C., R. I. & P. R. Co.* 84 Iowa, 331, where a person, without having his attention diverted, relying upon the custom to run trains on a particular track in but one direction, looked only in that direction, and was struck by a train coming from the other way, and injured, and it was held that he could not recover, because of failure to look both ways. Also, *Sala v. C., R. I. & P. R. Co.* 85 Iowa, 678, where it was held that a person who stepped upon a railway track without looking, and was injured, could not recover for such injury, though there was no flagman at the crossing, as the law required, and the train was running at an unlawful rate of speed. Also, *Gardner v. D., L. & N. R. Co.* 97 Mich. 240, where it is held that a person in attempting to cross a railway track;

without first looking both ways, is guilty of contributory negligence, though his attention at the time be diverted by a switch engine in the vicinity. A multitude of other cases might be cited, all to the effect, as said in *Schlimgen v. C., M. & St. P. R. Co.* 90 Wis. 194, " that a railway track is, in effect, a standing proclamation of danger." If a person chooses to take a position thereon, without first looking both ways and listening, he must suffer the consequences, without reference to any want of ordinary care on the part of those operating cars upon such track. *Railroad Co. v. Houston,* 95 U. S. 697.

It follows from the foregoing that the trial court properly granted defendants' motion for judgment upon the special verdict in favor of the defendants.

*By the Court.*— Judgment affirmed.