STEBER, Administrator, Appellant, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Respondent.

*September 2 — September 23, 1902.*

*Railroads: Killing of person at street crossing: Contributory negligence: Rights of a passenger.*

1. One who, while crossing a railway track, was killed by an engine which was approaching near at hand, and which she would have seen had she looked in that direction before stepping on the track, was guilty of contributory negligence as a matter of law.

2. No one, even though he have the rights of a passenger to the care of the railway company for his safety and no other way is open to reach his destination, is excusable for stepping upon a railway track without looking both ways and listening for approaching trains.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action for damages, caused, as alleged, to Wenzl First by the wrongful conduct of defendant in that its servants negligently operated one of its locomotive engines so as to produce his wife's death. The deceased attempted to cross defendant's railway track at the intersection thereof with one of the public streets of the city of Antigo in the nighttime, while one of its switch engines was rapidly approaching such locality. She was struck by the engine and so injured that she died.

The particular acts of omission and commission constituting the alleged negligence are as follows: Operating the engine at an unlawful rate of speed; neglect to ring the engine bell as the approach was made to the railway crossing; failure to have a watchman or flagman at the crossing as required by the city ordinances of the city of Antigo; failure to maintain gates at the crossing as required by the city; and failure to give any notice to persons, about to use the crossing for legitimate purposes, of the approach thereto of the switch engine. All the allegations of negligence were put in issue by the answer, and contributory negligence was pleaded as a defense.

The undisputed evidence was to the following effect: The accident happened on a dark, rather stormy night. There was no street light at the crossing. The situation was such that, as a person approached the crossing from the east, as the deceased did on the occasion of the accident, there was no obstruction to prevent her seeing an engine coming from the north for a distance amply sufficient to enable her, in the exercise of ordinary care, to avoid being injured by it. The

railway tracks ran north and south. The depot was just south of the street, which crossed the tracks at right angles, and upon which deceased was walking when she was injured. Prior to the injury she was at the depot with two acquaintances, a man and his mother, presumably to meet a person who was expected soon to arrive on a train from the south. She remained on the depot platform till the train arrived and such person alighted therefrom. The four then started north on the platform, walking on the easterly side of the main track till they were within the limits of the street. The engine of the passenger train was located across the sidewalk on the southerly side of the street. West of the main track was a switch track. A headlight was on the passenger engine. It threw its light across the region common to the street and the railway track. The deceased and her companions, desiring to go to a point west of the tracks, passed into the street and then somewhat northwesterly so as to avoid the passenger engine. Two of deceased's companions proceeded first. She, accompanied by the other, walked a little way behind them. The former got across the switch track, and just as the latter stepped upon it the switch engine, backing up from the north, struck her, inflicting fatal injuries.

The substance of the evidence material to be considered, in addition to such as has been referred to in a general way, is as follows: John McArthur, a witness for plaintiff, said he did not see any light on the rear end of the switch engine; that it was backing up when it struck deceased; that he could not say but that there was a light on the engine; that just before the accident he was on the depot platform near the passenger engine and heard the switch engine coming. Peter Jagla, a witness for plaintiff, said he was one of the party accompanying the deceased at the time of her injury; that he and his sister went ahead while his mother accompanied the deceased; that he hurried up to get across the track ahead of the switch engine; that the engine on the passenger train made some

noise; that he saw the switch engine just as he got on the track; that he had to jump to get across; that he did not see any light on the engine, nor hear any bell; that he made a written statement of the circumstances characterizing the accident shortly after it occurred, in which he said that he heard a bell upon the engine and saw the engine coming about the time he crossed the track. The woman who was in the immediate company of the deceased at the instant of the accident said she did not see any light on the engine nor hear any engine bell; that she and deceased were about forty feet behind her son and daughter; that she saw they got across and thought she and her companion could too; that she did not see the engine. Another witness called for plaintiff said he was near the passenger engine at the time of the accident; that he heard the switch engine approaching the crossing. John Gaffney, another witness for plaintiff, said he saw the switch engine approaching the crossing, and heard it; that he was on the passenger engine; that there was a light on the switch engine and that the bell was ringing as it approached. The evidence on defendant's part fully corroborated that of the last witness. It was further to the effect that deceased and her companion, as they approached the crossing, did not pay attention to whether an engine was approaching, and that one of the trainmen who was on the footboard of the tender and had a light in his hand, grabbed hold of and tried to save them.

At the close of the evidence the court directed a verdict in defendant's favor, upon which the judgment appealed from was rendered.

*Max Hoffman,* for the appellant, contended, *inter alia,* that a person who walks across a track at a railway station to take passage on a train is a passenger, for whose safety the railroad company is bound to exercise the highest degree of diligence. *Chicago & E. I. R. Co. v. Chancellor,* 60 Ill. App. 525. A person who comes upon a railroad platform to wel-

come or speed a parting guest is there by authority of the company, as much as a passenger. *Gillis v. Pennsylvania R. Co.* 59 Pa. St. 129, 98 Am. Dec. 317; *McKone v. M. C. R. Co.* 51 Mich. 601, 47 Am. Rep. 596; *Doss v. M., K. & T. R. Co.* 59 Mo. 27, 21 Am. Rep. 371; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 114, and cases cited. A railway company owes the public a duty to provide for a safe place to get to and from its depot. A passenger or a passenger's friend comes on the depot ground of a railway company by an invitation of the company. *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 114; *Patten v. C. & N. W. R. Co.* 32 Wis. 524. A passenger or an intending passenger going to take a train, or leaving a train, has a right to presume that the track will be kept clear in order to enable him to reach the station or the train or get away from the station in safety. *Baltimore & O. R. Co. v. Maryland,* 60 Md. 449; *Gaynor v. O. C. & N. R. Co.* 100 Mass. 208; *Klein v. Jewett,* 26 N. J. Eq. 474; *Brassell v. N. Y. C. & H. R. R. Co.* 84 N. Y. 241; *Chesapeake & O. R. Co. v. King,* 99 Fed. 251, 40 C. C. A. 432. The rule requiring a traveler on a highway, crossing a railroad track, to use his eyes and ears to ascertain whether a train is approaching, does not apply to passengers who are crossing a track at a station to get a train, or leaving a train. Such a passenger is not guilty of contributory negligence in failing to look and listen before crossing the other tracks. *Terry v. Jewett,* 78 N. Y. 338; *Beecher v. L. I. R. Co.* 161 N. Y. 222, 55 N. E. 899; *Brassell v. N. Y. C. & H. R. R. Co.* 84 N. Y. 241; *Chicago C. R. Co. v. Robinson,* 127 Ill. 1; *Chesapeake & O. R. Co. v. King,* 99 Fed. 251, 40 C. C. A. 432; *Chicago, M. & St. P. R. Co. v. Lowell,* 151 U. S. 209; *Warner v. B. & O. R. Co.* 168 U. S. 339; *Graven v. MacLeod,* 35 C. C. A. 47, 92 Fed. 846; *Alabama G. S. R. Co. v. Coggins,* 32 C. C. A. 1, 88 Fed. 455; *Cincinnati St. R. Co. v. Snell,* 54 Ohio St. 197, 43 N. E. 207; *Philadelphia, W. & B. R. Co. v. Anderson,* 72 Md. 519, 8 L. R. A. 673; *St. Louis & S. W. R. Co. v. John-*

*son,* 59 Ark. 122, 26 S. W. 593; *Pennsylvania Co. v. Mc-Caffrey,* 173 Ill. 169, 50 N. E. 713; *Burnham v. W. W. R. Co.* 91 Mich. 533, 52 N. W. 14.

*Edward M. Hyzer,* for the respondent.

MARSHALL, J. Very little can profitably be said in deciding this case. Four errors are assigned. All, so far as they relate to the issues made by the pleadings, may be properly resolved into this one proposition: Did the trial court err in deciding that the evidence disclosed, as a matter of law, contributory negligence on the part of the deceased? We are unable to see how, in the light of well-settled legal principles, the affirmative of that can be considerately urged. The duty of a person about to step upon a railway track to look both ways and listen, and to discover those dangers which can be readily discovered by the exercise of ordinary attention to that end by one so circumstanced, and not to go upon the track in the face of such dangers, is absolute. It is as firmly established as any rule of law can well be. If it were a fact, as claimed in this case, that the deceased had the rights of a passenger as regards care for her safety by the railway company, and that she had no other way of reaching her destination than by going across the railway track, that does not constitute any exception to the general rule stated. She was bound to exercise ordinary care for her own safety, and she fell below that standard in failing to use her senses to discover the approaching engine, since, from all reasonable inferences from the evidence, it was in sight and hearing and so near the crossing as to render it dangerous for her to step upon the track when she did so. As we read the evidence and the argument of counsel for appellant, there is no claim that she looked north on the track or listened for a coming train or engine before she proceeded into the region of danger. Counsel seems to think that she had the rights of a passenger, and that no other way to reach her destination than the one she

pursued was open to her, hence that she was excused for proceeding as she did, regardless of the probability of danger, and was warranted in depending upon respondent to avoid injuring her. We know of no such rule of law. There is no such rule. No one is excusable for stepping upon a railway track without first using the precautions we have stated for his own protection. As has often been said, the mere presence of the track is an efficient warning of danger. That warning must be reasonably heeded by a person about to cross the track, else he will be presumed conclusively, as a matter of law, to assume the risk of doing otherwise. *Lofdahl v. M., St. P. & S. S. M. R. Co.* 88 Wis. 421, 60 N. W. 795; *Flynn v. Eastern R. Co.* 83 Wis. 238, 53 N. W. 494; *Hansen v. C., M. & St. P. R. Co.* 83 Wis. 631, 53 N. W. 909; *Schmolze v. C., M. & St. P. R. Co.* 83 Wis. 659, 53 N. W. 743, 54 N. W. 106; *Schlimgen v. C., M. & St. P. R. Co.* 90 Wis. 194, 62 N. W. 1045; *Nolan v. M., L. S. & W. R. Co.* 91 Wis. 16, 64 N. W. 319; *Lockwood v. Belle City St. R. Co.* 92 Wis. 97, 65 N. W. 866; *McCadden v. Abbot,* 92 Wis. 551, 66 N. W. 694; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *White v. C. & N. W. R. Co.* 102 Wis. 489, 78 N. W. 585; *Walters v. C., M. & St. P. R. Co.* 104 Wis. 257, 80 N. W. 451; *Buckmaster v. C. & N. W. R. Co.* 108 Wis. 353, 84 N. W. 845; *Dummer v. Milwaukee E. R. & L. Co.* 108 Wis. 589, 84 N. W. 853.

The subject involved in this appeal has been so often before this court, as indicated by the cases cited and many not mentioned, and the law has been so often declared as stated herein, that there is no room in the evidence presented by the record for reasonable contention that the trial court erred in directing the verdict. The way was open for the deceased to see the approaching engine. If she had looked north on the switch track before she stepped upon it she would have observed the danger. She must either have failed to perform her duty as to looking, or have observed the engine before getting

in its pathway and heedlessly attempted to rush across the track before it reached her. The legal responsibility for the consequences rests wholly upon the unfortunate woman. The damages caused to her surviving husband were in law so far produced by her that there is no way by which her fault can be so separated from that of respondent, if respondent was also at fault, as to fix upon the latter legal responsibility.

*By the Court.*—The judgment is affirmed.