Mary A. Fulmer v. Illinois Central R. R. Co.

Railroads.   *Injury at crossing.   Flying-switch.   Contributory negligence.*
   If in a populous town a detached car is negligently sent on a flying-switch,
      running rapidly in violation of law, and over a public crossing, and one
      on the crossing is injured by it, proof of contributory negligence not
      being clear, it is error for the court to instruct the jury to find for the
      defendant.

From the circuit court of the second district of Yalobusha county.

Hon. W. M. Rogers, Judge.

This action was brought by plaintiff for the recovery of damages for the killing of her husband by defendant's cars while he was upon the track of defendant in the town of Water Valley.

There is evidence showing that defendant's main line, with a side track on either hand, traverses for some length one of the business streets in the town of Water Valley, and that the husband of the plaintiff was struck by a detached box-car while he was walking down the main line, and while he was about midway between two

crossings used by the public, to wit, Wood street crossing and the post-office crossing, and that these two crossings were about thirty steps apart. It is shown, further, that the detached car was put in motion on a side track in the upper yard of defendant, in Water Valley, about one hundred yards above Wood street crossing, and that the car was cut loose from the engine, which started it, while running slowly, and was put on its tortuous course, over several frogs, in order to make a flying-switch on the main line; that after starting the car, the engine accelerated its speed and ran down the main line to get out of the way of the detached car, and that the engine crossed Wood street and post-office crossings while running eighteen or twenty miles an hour, ringing its bell and blowing its whistle to warn persons of its approach.

It further appears that after the passage of the engine, the deceased stepped on defendant's track and proceeded to walk down the same some forty or fifty feet, when the detached box-car, having made its way from the side track in the upper yard and having passed over the several frogs to the main line, was seen rapidly running, having attained a speed of fifteen or twenty miles an hour, on such main line, about twenty-five steps above deceased, and that deceased discovered this car at about the distance of twenty-five feet from him, and that he attempted to leave the track and save himself, but before he could do so, he was struck by the car and killed. On this flying-switch car an employé of the railroad was seen, and on the car was an ordinary brake to be used by this employé to control the car, but there is no proof that the brake was applied, or that the employé ever saw the deceased until he had been run down.

The evidence of several witnesses shows that the walking on and over these three tracks of the railway, between Wood street and post-office crossings, was good, and that this space between the crossings was used by the public in passing about this business street; and by one witness there is testimony showing that there was a path crossing the tracks diagonally, between the Wood street and post-office crossings, and that while deceased was in this path,

and just where it went over the railway tracks, he was struck by the flying car.

It does not appear whether deceased looked and listened, after the passage of the engine, and before stepping upon the track, nor is there any proof that he could have seen the car as it was beginning the flying-switch if he had looked.

It was shown that the railway's employés habitually disregarded the law forbidding the running of trains at a greater rate of speed than six miles an hour, and that at all points along their line of railway it was their habit to make flying-switches, and run trains and cars at various rates of speed; and a witness was permitted to state that deceased had once been an engineer on that road, and had lived for some years in Water Valley, and that he must have known of the habit of the company to run its trains at a greater rate of speed than six miles an hour, to make flying-switches, and to use its tracks almost constantly in the town in making up trains, distributing cars, etc.

On this state of facts, substantially, the court below instructed the jury peremptorily to find for defendant.

*W. S. Chapman,* for appellant.

Making a flying-switch, especially in crossing highways, is an act of gross negligence. Patterson Ry. Ac. Law, 166, and cases cited.

In this case it was in direct violation of our statute. Code 1880, § 1047.

In failing to ring the bill and blow the whistle, there was further violation of the statute. Code 1880, § 1048; 32 N. Y. 601.

It was not contributory negligence *per se* to be on the track. *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 682. One on a public crossing in a populous town has the right to assume that a flying-switch will not be made at that point without proper warning signals.

The burden to relieve itself from negligence being on the company under § 1059 of the code, surely under the evidence in this case the jury should have been allowed to determine whether con-

tributory negligence was clearly shown on the part of appellant, especially as the degree of negligence of the defendant, whether so gross as to be reckless and wilful, was matter to be determined by the jury. 32 Minn. 214; 32 N. Y. 601; 65 Pa. 275; 58 Wis. 30; 63 Ib. 145; 58 Ib. 83; 56 Ib. 487; 84 Ala. 141; 67 Miss. 604.

If it be a fact that the employé on the car did not see appellant, it was still negligence to run at so great a rate of speed as to prevent seeing him. 65 Mo. 26.

Whether it is negligence to go upon a track without looking and listening, is always matter for the jury. 28 Wis. 487; 63 Ib. 487; Patterson Ry. Ac. Law, 173; 35 Pa. St. 60; 47 Ib. 244.

In this case the killing was the result of the omission of duty on the part of the company. Appellant had as much right at the crossing as appellee, and but for the latter's negligence the injury would not have occurred. 95 U. S. 161; 7 Am. Ry. Rep. 56.

*W. S. Chapman*, for appellant, made an oral argument.

*W. P. & J. P. Harris*, for appellee,

Filed a brief mainly devoted to the facts in evidence, contending that they show a case of contributory negligence on the part of plaintiff, and, for the law governing in the case, citing *R. R. Co.* v. *Houston*, 95 U. S. 697; *R. R. Co.* v. *McGowan*, 62 Miss. 682; *R. R. Co.* v. *Stroud*, 64 Ib. 784; Patterson Ry. Ac. Law, 163.

WOODS, C. J., delivered the opinion of the court.

The naked fact of Fulmer's presence on the track of the defendant's railway was not *per se* negligence. He might assume that the railroad company would not run its engines and cars in a populous town in flagrant disregard of law; he might assume that the railroad company would not undertake the highly hazardous attempt to make a flying-switch, on a sharp down grade over two public crossings, in close proximity to each other, in the heart of a business community, at a speed of fifteen or twenty miles an hour; and, especially, he might assume that the railroad company would not venture upon the last-named attempt without giving some

warning to the public, and without putting some employé, with proper appliances, in such a position as to guard against, and, at least, make some effort to prevent running down citizens who were almost constantly using the public crossings in the town.

Under all the circumstances disclosed in the record, the court should have permitted the jury, under proper instructions, to say whether the deceased was or was not guilty of contributory negligence. The evidence of the negligence of the deceased was not overwhelming and uncontroverted, and the case should have been given to the jury.

*Reversed and remanded.*