HORACE P. ADAMS *vs.* WILMINGTON AND NEW CASTLE ELEC-
TRIC RAILWAY COMPANY, a corporation of the State of
Delaware.

*Case—Personal Injuries—Negligence—Railway Company—Public
Highway ; Use of—Crossing Railways—Care Required—
Unavoidable Accident—Measure of Damages.*

1.   An electric railway has a right to use the public highway in common with
other travelers and persons who see fit to use it in vehicles drawn by horses or other-
wise.   The cars of necessity can use only those parts of the highway covered by the
tracks, inasmuch as such cars move only upon their tracks within fixed limits.
Within these lines the right of the company is superior to that of other users, and
must not be unnecessarily interfered with or obstructed.

2.   The degree of care to be exercised by both company and traveler in using
the public highway is such as the circumstances of the case reasonably require—an
increase or care being required where there is an increase of danger.   The right of
each must be exercised in a reasonable and careful manner, so as not unreasonably to
abridge or interfere with the right of the other.

3.   There is no absolute rule as to what precise acts of precaution are neces-
sary to be done or left undone by persons who may have need to cross electric rail-
ways.   Such acts must necessarily depend upon the circumstances of each particular
case.   The degree of care differs in different cases.   Greater care is necessary in
crossing a road where the cars run at a high rate of speed, and close to-
gether, than where they run at less speed and remote from one another.
In like manner, where the view at the crossing is obstructed, or in a neigh-
borhood where there is much noise and confusion, greater care is necessary than in
places where the view is unobstructed and with quiet surroundings.   And a railway
company is held to greater caution in the more thronged streets of the densely popu-
lated portions of the city than in the less obstructed streets in the open or suburban
parts.   Persons crossing a railway track are bound to the reasonable use of all their
senses for the prevention of accident; and a person approaching a crossing with which
he is familiar, is bound to avail himself of his knowledge of the locality and act ac-
cordingly.

4.   A pure accident without negligence on the part of the defendant is not
actionable.   It would come under the head of unavoidable accident, and the plaintiff
could not recover.

5.   The measure of damages stated.

(*June 2, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Walter H. Hayes* for plaintiff.

*Saulsbury, Ponder and Curtis* for defendant.

Superior Court, New Castle County, May Term, 1902.

CASE (No. 27, November Term 1900.)

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—In this case the plaintiff, Horace P. Adams, seeks to recover from the Wilmington and New Castle Electric Railway Company, the defendant, damages for personal injuries to himself, as well as for the loss of his horse, wagon and harness—all alleged to have been caused by the negligence of said company on the second day of July, 1900, resulting in a collision on the public highway, along and upon which its tracks are laid, at or near where the same is intersected by a road known as "Pyle's Lane", in this county.

The plaintiff charges that the defendant was negligent, *first*, in running its car, which caused the injuries, at a high and dangerous rate of speed; and *second*, in running said car without ringing a gong or bell, or giving any warning.

The defendant company claims that it was not guilty of any negligence that caused the injuries to the plaintiff, but on the contrary, exercised all reasonable and proper care to avoid the accident; and moreover, insists that the accident was caused by the plaintiff's own negligence.

The action is based, as you observe, on negligence; and it is proper that we should explain to you what negligence in legal contemplation is. It has been defined by this Court to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances.

What constitutes negligence is a question of law for the Court, but, whether negligence exists in the particular case is a question of fact for the determination of the jury. Your province, therefore is to ascertain whether the injuries complained of were, or were not, caused by the negligence of the defendant. The plaintiff's right to recover is founded upon the negligence of the defendant, and the burden is upon the plaintiff to show such negligence to your satisfaction by a preponderance, that is by the weight, of the evidence, or he cannot recover.

Negligence is never presumed, but must always be proved, in order that the plaintiff may be entitled to recover.

The defendant had a right to use the public highway, at the place and time of the accident, in common with other travelers and persons who saw fit to use it in vehicles drawn by horses, or otherwise. The public, as well as the defendant company, were entitled to use said highway. The electric cars of necessity could use only those parts of it covered by their tracks, inasmuch as such cars move only upon their tracks within fixed limits. Within those lines the right of the company is superior to that of other users, and must not be unnecessarily interfered with or obstructed.

*Brown vs. W. C. Ry. Co., 1 Pennewill, 332 ; Price vs. Charles Warner Co., 1 Pennewill, 462.*

In using the highway all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger of the peculiar risks in each case. It is the duty of the company to provide competent and careful motormen and servants ; to see that they use reasonable care in operating the cars; that the cars move at a reasonable rate of speed; that they slow up, or stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to prevent accident; and that proper warning be given of the approach of the car at a crossing on the public highway.

ADAMS vs. W. & N. C. E. RY. 515

CHARGE.

There is a like duty of exercising reasonable care on the part of the traveler. The company and the traveler are both required to use such reasonable care as the circumstances of the case demand; an increase of care on the part of both being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other.

As was said by the Court in the case of *Brown vs. Wilmington City Railway Company:*

"We are not prepared to lay down any absolute rule as to what precise acts of precaution are necessary to be done or left undone by persons who may have need to cross electric railways. Such acts necessarily must depend upon the circumstances of each particular case. The degree of care differs in different cases. Greater care is necessary in crossing a road where the cars run at a high rate of speed and close together, than where they run at less speed and remote from one another. In like manner, where the view at the crossing is obstructed, or in a neighborhood where there is much noise and confusion, greater care is necessary than in places where the view is. unobstructed and with quiet surroundings. In like manner a railway company is held to greater caution in the more thronged streets of the densely populated portions of the city than in the less obstructed streets in the open or suburban parts. From these illustrations, manifestly the care to be used depends largely upon the circumstances of each case. It would, therefore, be difficult, if not dangerous, to lay down any inflexible rules.

"The general rule upon this subject is, that persons so crossing a railway track are bound to the reasonable use of all their senses for the prevention of accident; and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances. This rule is plain and well settled, and is to govern you in the determination of this case."

A person approaching a railway crossing with which he is

familiar is bound to avail himself of his knowledge of the locality and act accordingly.   If, as he approaches the crossing, his line of vision is unobstructed, he is bound to look for approaching cars in time to avoid collision with them; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence, and could not recover therefor.

*Price vs. Charles Warner Co., 1 Pennewill, 462.*

When the view at the crossing is obstructed, greater care is necessary than where the view is unobstructed.

*Brown vs. W. C. Ry. Co., 1 Pennewill, 332.*

As before stated, a person in crossing a railway track must use all his senses, and exercise such care as is proper and reasonable under all the circumstances to avoid accident.

A pure accident without negligence on the part of the defendant is not actionable, and if you should believe that the collision in this case was of such a character, it would come under the head of unavoidable accident, and the plaintiff could not recover.

*Ogle vs. P., W. & B. R. R. Co., 3 Houst., 267; Ford vs. Whiteman, 2 Pennewill, 355.*

With the evidence, gentlemen, the Court has nothing to do. It is for you alone.   You have heard the testimony and, we have no doubt, will carefully consider it.

Taking the law as we have laid it down, it is for you now to determine whether it was the negligence of the defendant that caused the accident.

If it was the negligence of the plaintiff that caused the accident, your verdict should be for the defendant; and even though the defendant company may have been negligent, yet if the negligence of the plaintiff contributed to and entered into the accident at the time of the injury, your verdict should be for the defendant, as the plaintiff in that case would be guilty of contributory negligence.   The law does not permit anyone to recover damages from another for an injury if his own negligence has contributed thereto,

or where, by the exercise of reasonable care, he could have avoided it.

If you believe from the preponderance of the evidence that at the time of the accident the defendant company was not exercising ordinary care and diligence, that is, all the care that an ordinarily prudent and careful man would have exercised under the circumstances, and that the want or absence of such care was the cause of the injuries to the plaintiff, and shall also believe that the plaintiff himself was free from any negligence that contributed to his injuries, then your verdict should be for the plaintiff. But if you should believe that it has not been shown by the preponderance of the evidence that the negligence of the defendant company was the cause of said injuries, or if you should believe that the negligence of the plaintiff contributed thereto, your verdict should be for the defendant.

If you should find for the plaintiff, your verdict should be for such sum as you believe, from the testimony, will reasonably compensate him for his injuries, including therein his loss of time and wages, his pain and suffering in the past, and such as may be in the future in consequence of the accident; and also such sum for any permanent injuries caused by the accident, as you believe will cover his pecuniary loss from his impaired ability to earn a living in the future.

If you should find for the plaintiff he would also be entitled to recover such sum as would reasonably compensate him for the loss of his horse, wagon and harness, caused by the accident.

If you should find for the defendant, your verdict should be simply for the defendant.

Verdict for plaintiff for $500.