ANTHONY O'DONNELL, Respondent, *v.* MISSOURI PACIFIC
RAILROAD COMPANY, Appellant.

May 6, 1879.

1. No recovery can be had, in an action for damages for injury to the person,
where the negligence of the plaintiff mingles with that of the defendant as
a direct and efficient cause of the injury.

2. To sustain a verdict there must be substantial evidence, and the inference
drawn by the jury must be reasonable; a mere formal statement of a wit-
ness, to fill up a gap in the case, is insufficient.

APPEAL from St. Louis Circuit Court.

*Reversed and dismissed.*

T. J. PORTIS and E. A. ANDREWS, for appellant: There
is no evidence of any negligence on the defendant's part
causing the injury. — *Meyer* v. *Railroad Co.*, 64 Mo. 542.
The plaintiff was guilty of such contributory negligence as
will prevent a recovery. — *Artz* v. *Railroad Co.*, 34 Iowa,
153; *Railroad Co.* v. *Miller*, 25 Mich. 274; *Meyer* v. *Rail-
road Co.*, 6 Mo. App. 27; *Isabel* v. *Railroad Co.*, 60 Mo.
475; *Harlan* v. *Railroad Co.*, 64 Mo. 480; 65 Mo. 22.

SMITH P. GALT, for respondent: The instructions as to
negligence and contributory negligence were correct. —
*Isabel* v. *Railroad Co.*, 60 Mo. 482; *Karle* v. *Railroad Co.*,
55 Mo. 483; *Hicks* v. *Railroad Co.*, 64 Mo. 439; *Frick* v.
*Railroad Co.*, 5 Mo. App. 435.

HAYDEN, J., delivered the opinion of the court.

The demurrer to the evidence should have been sustained,
as the plaintiff's testimony showed that his own negligence
directly contributed to the injury. He was upon the track
when struck by the tender of the locomotive, which was
backing eastward toward the Union Depot in St. Louis, to
get a train, and not upon any highway or street crossing
the track. The plaintiff had been for about four years
accustomed to walk upon or between the railroad tracks at

or near the place where the accident happened, in going to and coming from his work.   About eight o'clock in the morning in question, the day being clear, he went upon the track on Tayon Avenue to go eastward, looked westward to see if any engine was approaching, and, after walking between the rails for a short distance, again looked back, and seeing nothing, continued to walk upon the track between the two rails as before.   This track was one of the middle tracks, and along on it came the tender which, pushed by the locomotive, struck the plaintiff, injuring him, but not so severely that he could not get up and walk away.   The plaintiff testifies that no whistle was blown or bell rung, and that he did not hear any noise of tender or engine as they approached him.   The defendant's evidence tended to prove that there were men upon watch on the locomotive; that the bell was ringing all the time; that the plaintiff was seen by those on watch, or some of them; that when the tender approached him he was not upon, but near, the track; and that, as the engine slowly backed down, he attempted to cross directly in front of the tender, and so was injured.

In cases like the present, we start with the primary fact that the plaintiff is negligent.   He was where he had no right to be, and was not the less violating the law because he was accustomed to violate it every day and was not prevented by the defendant.   It is true that if the evidence shows that this negligence of the plaintiff, though clearly, as it is, a condition without which the injury could not have existed, is by other facts more immediately surrounding the injury so far removed as to be only a remote condition, it is then, like other remote conditions, disregarded by the law.   This is the foundation of the rule that where the defendant can, by the exercise of ordinary care, discover the danger and avoid the result, the fact that the plaintiff is negligent does not excuse the defendant.   This implies that the physics of the case are such that the law can pronounce that the efficient or legal cause of the injury is the

negligence of the defendant. But this can never be the fact, and accordingly the court is bound to take the case from the jury, where, up to the very moment of the injury, the negligence of the plaintiff mingles, as an efficient and equally operating cause, with the negligence of the defendant. To say otherwise is to say that a plaintiff may recover for an injury directly caused by his own negligence.

In the case at bar, allowing that the defendant was negligent, yet it is clear from the plaintiff's testimony that his negligence was an effective and operating cause up to the very moment of the injury. He was not a child, but a man in full possession of his senses. He was not caught upon the track for a moment, nor was he there through causes beyond his control. He chose to walk, not at the side, but between the rails. He knew that cars were constantly passing; knew even the peculiarities of engines and of particular tracks, in respect to · noise made; knew, as he says, that " the rails are so close together and so smooth that the engines can slip upon you before you know it." Knowing all this, it is clear he did not take precautions adequate to the great danger he put himself in, and that his failure to do so was a direct cause of the injury. He neither saw nor heard the tender or engine. Though no bell was rung, and the locomotive was going fast, as he says, yet the inference is irresistible that he would have either seen or heard the tender, and could have stepped aside in time, if he had either looked or listened as he should have done. He says he looked at Tayon Avenue, and again when about half-way between there and where he was injured. But the view westward was open for at least a quarter of a mile; and the physical fact remains that the engine and tender backed down, and could, if the plaintiff's evidence is true, have been seen as they were backing. The precise point where the plaintiff looked, and how carefully he looked, are open to question; but a verdict based upon his testimony that he looked in proper time, and yet did not see the tender or

engine, would be unsupported by evidence. It is not a mere formal statement of a witness, to fill up a gap in a case, that can sustain a verdict. There must be substantial evidence, and the inference drawn by the jury must be reasonable. *Nolan* v. *Shickle*, 3 Mo. App. 300. Here, the fact that the plaintiff testified that he looked had no tendency to prove that the physical object could not have been seen by him in time to have stepped aside, if, under the circumstances as detailed by himself, he had exercised proper caution. His whole testimony must be taken together.

The present is not within the class of cases relied upon by the plaintiff, of which the case of *Frick* v. *Railway Company*, 5 Mo. App. 435, and *Isabel* v. *Railroad Company*, 60 Mo. 475, are examples. What is said above distinguishes those cases from this. In the first case, the defendant, through the failure to exercise ordinary care, failed to see the child upon the track, when, if such care had been exercised, the child might have been seen and the injury avoided. In the Isabel case, the object was seen upon the track, and there was evidence tending to prove that by the exercise of ordinary care the engineer and fireman might have discovered that it was a child, and have stopped the train in time to save its life. These are two cases coming under the general rule laid down in *Harlan* v. *Railway Company*, 65 Mo. 25, 26. The present case belongs to that class of which *Michigan, etc. Railroad Company* v. *Campau*, 35 Mich. 468, is an example. Here, as there, it is impossible for the court to say that the recklessness of the plaintiff does not mingle with that of the defendant as a direct and efficient cause. The evidence to remove the plaintiff's negligence and make it a remote condition, as in the two cases above cited it was removed, does not here exist. The petition did not charge, nor did the testimony show, the facts necessary to sustain the instruction given as to negligence remotely contributing on the plaintiff's part, and prevention of the injury by the exercise of ordinary

care on that of the defendant. Those on the engine did discover the plaintiff, but there is no evidence tending to show that they discovered him on the track. The discovery was of a man off the track; and for a man off the track there was no occasion to stop the engine. The plaintiff was seen on the track only just before the tender struck him. Again, the plaintiff cannot recover on grounds inconsistent with the substantial facts of his own case. He cannot have the engine running fast to show that he could not avoid it, and slow to show that it could have stopped. Here, widely as the testimony of the plaintiff differed from that of the defendant, one point in common was the tendency to prove that the plaintiff's negligence was a direct and efficient cause of the injury.

The judgment is reversed and the case is dismissed. All the judges concur.