[No. 14,246. In Bank.—January 3, 1894.]

P. J. G. KENNA, ADMINISTRATOR, ETC., APPELLANT, *v.* THE CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

NEGLIGENCE—ACTION FOR DEATH—CONTRIBUTORY NEGLIGENCE—NONSUIT.— A nonsuit is properly granted on account of contributory negligence in an action by an administrator against a railroad company for the alleged negligent killing of a deceased person, where it appeared from the evidence on the part of the plaintiff that the deceased was employed by the company as a plumber, in fitting and connecting pipes alongside the tracks for the purpose of a signal tower, and, while engaged in this work, started to walk along one of the tracks, and walked about fifteen

feet after a train came within the range of view; that he did not turn around or look to see if the train was coming; that there was a space of ten feet by the side of the track over which he could have walked instead of walking upon the track, and that he could have got out of the way by taking a single step into this space.

ID.—EXCUSE OF APPARENT NEGLIGENCE OF DECEASED—BURDEN OF PROOF.— If there were any circumstances which would excuse the apparent negligence of the deceased in walking upon the track without taking any precaution to avoid danger, it was incumbent upon the plaintiff to establish them at the trial.

ID.—DUTY OF WORKMAN IN PLACE OF DANGER.—One who is working in a place where he is exposed to danger must exercise his faculties for his own protection, and if he fail to do so, he is not entitled to damages for personal injuries received.

ID.—WALKING UPON RAILROAD TRACK.—Walking upon the line of a railroad where trains are at any time liable to pass, without looking to see whether a train is approaching, is negligence *per se* which will preclude a recovery for injuries received.

ID.—NEGLIGENCE, WHEN A QUESTION OF LAW—NONSUIT.—Where the facts in an action for damages for negligence are undisputed, and the plaintiff's negligence clearly appears therefrom, or when the uncontradicted evidence on the part of the plaintiff is such that the only reasonable construction that can be drawn therefrom is that the injured person did not exercise such care as men of ordinary prudence usually exercise in positions of like exposure and danger, the issue of negligence is a question of law to be determined by the court, and it is its duty to grant a nonsuit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank Sullivan*, for Appellant.

*Frank Shay*, for Respondent.

HARRISON, J.—Action to recover damages for causing the death of Patrick Fallon, the plaintiff's intestate. At the close of the plaintiff's testimony the court granted a nonsuit.    The plaintiff moved for a new trial; and from the order denying the same, as well as the judgment, he has appealed.

In January, 1885, the defendant was engaged in erecting a tower on the Oakland mole, and constructing a signal system to be connected therewith.    The plaintiff's

intestate was employed by the defendant as a plumber, for fitting and connecting pipes to be laid in the tower and alongside its tracks. This tower was about four hundred feet from the end of the mole, and a few feet to the south of the Alameda track. There were two tracks for the Alameda trains, and to the north of them were the tracks of the Oakland trains. Between these tracks, and about one hundred feet to the east of the tower, there was an open space in which was placed the plumber's bench. On the 10th of January Fallon started to go from the tower to this bench for the purpose of cutting a piece of pipe, and while walking upon the end of the ties on the outer or southern most track, at a point about seventy-five feet east of the tower, was struck in the back by the locomotive of the Alameda train, and instantly killed. Directly to the south from this place, and ten feet away, was a pile of ties against which he was thrown, and between this pile and the ends of the ties on which he was walking was an open space or depression in the ground, slightly uneven, and a little lower than the level of the track. The track at this place is laid upon a curve, and the tower aforesaid prevented a clear view of it to the end of the mole; but from the point at which the deceased was walking at the time he was struck, it could be seen for a distance of about one hundred and fifty feet. Four trains of cars passed over this track every hour; that is, one Alameda train in each direction at intervals of a half-hour, and, in addition to these, the daily San José and Livermore trains. It appears from the evidence that the bell upon the locomotive which struck the deceased was not rung, nor was its whistle sounded. There is some uncertainty as to the speed at which it was moving; for, although plaintiff's witness testified that it was going at the rate of twenty miles an hour, the weight and accuracy of his testimony is somewhat impaired by his further testimony that when the train was opposite the tower the deceased was sixty feet away, and that he had walked fifteen feet before he was struck by the locomotive.

It may be assumed, however, that the defendant was guilty of negligence to such a degree that in the absence of any other evidence it would be liable in damages, but the contributory negligence of the deceased was, nevertheless, such as to prevent a recovery against the defendant.   It appears from the evidence that Fallon was a prudent, cautious man, twenty-two years old; that he knew the danger of the place in which he was working; had talked with his uncle about it; had had the experience of several days in which to learn the frequency with which the trains passed over the track, and to become acquainted with the danger; and that owing to the curve in the track and the obstruction caused by the tower, he could not see an approaching train until it came within a few rods of him.   It was therefore incumbent on him to exercise a corresponding care and vigilance to avoid danger, rather than negligently and recklessly expose himself to injury.   "His employment and the theater of his services may not be disregarded.   They made him conversant with the locality, the character and frequency of trains, the necessity for incessant vigilance to avoid injury, and the fact that no one could venture upon the tracks and escape injury without the greatest circumspection." (49 Mich. 413.)   The law demands that one who is working in a place where he is exposed to danger shall himself exercise his faculties for his own protection, and does not permit a recovery for damages resulting from a neglect of this rule.   Walking upon the line of a railroad where trains are at any time liable to pass is itself dangerous, and to do so without looking to see whether a train is approaching is negligence *per se*.   It is a fixed rule that it is the duty of any one, when attempting to cross a railroad track upon a highway, to be vigilant, to look and to listen before attempting to cross, and a failure to do so is regarded as such negligence on his part as to preclude a recovery.   (*Glascock* v. *C. P. R. R. Co.*, 73 Cal. 137.)   With greater reason does the principle of this rule apply to one who is trav-

eling laterally along the route of a railroad, and knows that engines will soon follow him. "It is negligence for a person to walk upon the track of a railroad, whether laid in the street or upon the open field, and he who deliberately does so will be presumed to assume the risk of the perils he may encounter. The crossing of the track of a railroad is a different thing. The one is unavoidable, but in the other case he voluntarily assumes to walk amid dangers constantly imminent." (*Illinois Cent. R. R. Co.* v. *Hall*, 72 Ill. 222. See also *Austin* v. *Chicago etc. R. R. Co.*, 91 Ill. 35; *Roden* v. *Chicago etc. R. R. Co.*, 133 Ill. 72; *McAllister* v. *Burlington etc. R. R. Co.*, 64 Iowa, 395; *Delaney* v. *Milwaukee etc. R. R. Co.*, 33 Wis. 76; *Railroad Co.* v. *Depew*, 40 Ohio, 121; *O'Donnell* v. *Missouri etc. R. R. Co.*, 7 Mo. App. 190; *Schmolze* v. *Chicago etc. R. R. Co.*, 83 Wis. 659; *Baltimore etc. R. R. Co.* v. *State*, 69 Md. 551; *Aerkfetz* v. *Humphreys*, 145 U. S. 418; *Holmes* v. *South Pacific Coast Ry. Co.*, 97 Cal. 161.) The deceased in the present instance selected the track as his route for his own convenience, and not through any necessity. There was ample space for him to walk with safety and convenience between the track and the pile of ties. The only reason assigned for his not doing so was that it was not quite as convenient as the track, because it was uneven. It also appears that there was a sufficient space between the Alameda tracks and the Oakland tracks in which to place the plumber's bench, and no reason was shown why he did not cross the tracks at the tower, and go upon the north side of the Alameda tracks. "He voluntarily and needlessly put himself in a highly dangerous place, a place, however, where he might go without incurring any liability as a wrongdoer; but where his own safety required his attention to his surroundings without one moment's interruption. If he risked himself in such a place he must take whatever injury came from his own want of attention to his danger." (*Railroad Co.* v. *Depew*, 40 Ohio, 127.) If there were any circumstances which would excuse the apparent negligence of the deceased in

walking upon the track without taking any precaution to avoid danger, it was incumbent upon the plaintiff to establish them at the trial.

When the facts are undisputed, and the plaintiff's negligence clearly appears therefrom, or when the uncontradicted evidence on the part of the plaintiff is such that the only reasonable construction that can be drawn therefrom is that the injured person did not exercise such care as men of ordinary prudence usually exercise in positions of like exposure and danger, the issue of negligence is a question of law to be determined by the court. There is no issue of fact to be submitted to the jury, but it is the duty of the court to grant a nonsuit. (*Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 253; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137.)

In the present case the facts connected with the killing of Fallon were presented by a single witness on behalf of the plaintiff, and his testimony was clear and unequivocal that when the train passed by the tower Fallon could have seen it if he had turned around; that he had time to turn around and look before the engine struck him; that he walked fifteen feet after the engine came within the range of view; that he did not turn around and look—did not look at all—to see if the train was coming; that there was a space of ten feet between the track on which he was walking and the pile of ties where he could have stepped, and over which he could have walked instead of walking upon the track; that he could have got out of the way of the engine by stepping a single step into this space. These facts appearing in the plaintiff's testimony, and nothing to impair their effect, the court properly granted the nonsuit.

The judgment and order are affirmed.

McFARLAND, J., GAROUTTE, J., DE HAVEN, J., FITZGERALD, J., and BEATTY, C. J., concurred.

Rehearing denied.