THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. CHARLES SCHWINDT, as Administrator, etc.

No. 13,087. (72 Pac. 573.)

SYLLABUS BY THE COURT.

RAILROADS—*Tracks in Public Street—Injury to Pedestrians.* Where railroad-tracks are laid in a public street and there is, room for one who wishes to travel along the street to walk in safety outside the tracks, and there is no reason resting in either neces sity or convenience for his going upon them, his walking along a track between the rails is such negligence on his part as to prevent recovery for being struck by a train, notwithstanding the negligence of the railroad company, unless the injury be intentionally and wantonly caused.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed May 9, 1903. Reversed.

*A. A. Hurd,* and *O. J. Wood,* for plaintiff in error.

*Graves & Hamer,* and *Kellogg & Madden,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: On December 29, 1900, J. P. Starr was struck and killed by a freight-car on the track of the Atchison, Topeka & Santa Fe Railway Company on Third avenue, in Emporia. His administrator sued the company and recovered a judgment for $2500, which the defendant now seeks to have reversed. The

only claim of error which it will be necessary to consider is that the trial court erred in overruling a demurrer to the evidence of plaintiff, for the reason that it showed such contributory negligence as to preclude a recovery.

The facts shown by the evidence, so far as they affect this matter, are substantially as follows : Third avenue runs east and west, and at the place where plaintiff's decedent was killed and for a distance of several blocks each way it is graded and leveled to the top of the railroad-ties for its full width of eighty feet. · Four tracks are laid in the street, also running east and west.   The one farthest north is called the house track and that next to it (distant about five feet) the main track.   A spur track connects these two, its connection with the main track being west of its connection with the house track, thus permitting east-moving cars to be transferred over it from the main to the house track.   The entire street is suitable for walking, so far as the surface of the ground is concerned—between the tracks, upon the tracks, and both north and south of all the tracks.   The main thoroughfare, where people do most of their traveling, is on the south part of the avenue and south of the main track, if not of all the tracks, but there are various paths worn, and there is considerable space north of the house track.   About ten o'clock at night Starr was walking west on the main track.   At some distance west of him defendant's employees made a "flying switch" for the purpose of transferring a freight-car from the main to the house track.   An engine with this one car attached started from a point west of the switch where the spur track connects with the main track, came east with sufficient rapidity to give the car momentum, dropped the car

west of the switch, and running on ahead of the car passed over the switch along the main line, the switch being then thrown so as to cause the car, under the impetus thus given it, to pass over the spur to the house track. After passing the switch the engine slowed down, and the car, running parallel with it on the house track, was gaining upon it and had almost overtaken it while Starr was still walking up the main track toward the engine. There was a bright headlight on the engine. Starr did not leave the main track until the engine was very close to him. Of plaintiff's three witnesses of the affair, one stated the distance as six or eight feet, another as fifteen feet, and the third as fifteen or sixteen feet, although his testimony showed some confusion between feet and paces. The petition says (but it is not in evidence) that employees on the engine hailed Starr and he looked up and saw his danger. To avoid the engine he stepped from the main track to the north and was struck and instantly killed by the car on the house track.

Preliminary to the discussion of the question of contributory negligence proper, it may be advisable to consider a claim of plaintiff in error that, while Starr was not technically a trespasser, yet the railroad company had a right to the exclusive use of its tracks, even where laid in the street, and therefore owed to him no duty except not wilfully to injure him after discovering him in a place of danger. In view of this claim, the defendant in error calls attention to the fact that the ordinance granting permission for the laying of these tracks provided that after putting them down the railroad company should restore the street to such condition that their construction should not interfere with its free use as a highway. This, however, we regard

as only a substantial equivalent for the statutory obligation on the part of a railroad company using a street to restore it "to its former state, or to such state as to have not necessarily impaired its usefulness" (Gen. Stat. 1901, § 1316, 4th subd.) an obligation that exists even in the absence of statute.   (Ell. Roads & Str., 2d ed., § 809.)   The expressions of courts regarding the relative rights of the railroad company and the public where a track is laid in the highway are conflicting, but the conflict is probably less as to the real nature of such rights than as to the proper language to use in defining them. (Ell. Roads & Str., 2d ed., § 810 ; *Tunison v. Weadock* (Mich.), 89 N. W. 703 ; *Adams v. W. & N. E. Ry.*, 3 Penn. (Del.) 512, 52 Atl. 264 ; *Toledo, Wabash & Western Ry. Co. v. Harmon*, 47 Ill. 298, 95 Am. Dec. 489 ; *The Louisville, New Albany and Chicago Railway Company v. Phillips*, 112 Ind. 59, 13 N. E. 132, 2 Am. St. Rep. 155 ; *L. & N. Railroad Co. v. Annie E. Yniestra*, 21 Fla. 700.)   We deem it unnecessary to go further into this feature of the matter than to say that we do not accept the doctrine of an exclusive or paramount right in the railroad company.   In *Kansas Pacific Rly. Co. v. Pointer*, 9 Kan. 620, 628, this court has said that the rights of the railway company and of the public are "about equal."

Plaintiff in error makes the broad claim that one who is injured while walking upon a railroad-track longitudinally, although it is located in a public street, is by that act guilty of contributory negligence and thereby barred from a recovery.   The strongest case in support of this contention is *I. C. R. R. Co. v. Hall*, 72 Ill. 222, 225, wherein it was said :

"It is negligence for a person to walk upon the track of a railroad, whether laid in the street or upon the open field, and he who deliberately does so will

be presumed to assume the risk of the perils he may encounter. The crossing of a track of a railroad is a different thing. The one is unavoidable, but in the other case he voluntarily assumes to walk amid dangers constantly imminent. It is sought, in this case, to justify the conduct of appellee, in traveling upon the track of the railroad, by the fact there were no good walks elsewhere on that street for persons on foot, nor had the street, outside the road-bed, been graded to accommodate the travel. This was no fault of the company. It was not its duty to grade the street. The street is eighty feet wide, and, if graded, might be used with safety, as ordinary streets, notwithstanding the railroad is laid in it; but there was a path between the tracks and one at the side, which appellee could have used without the least danger. The side path was not so easy to walk upon as that between the rails, but that fact did not justify appellee in taking the dangerous path. He was familiar with the dangers to which he was exposed, and we must conclude he voluntarily assumed the hazard. He could have avoided all danger by a little inconvenience, but he did not choose to do it. The injury received must, therefore, be attributed to his want of ordinary care."

In *McAllister v. Burlington & Northwestern Railway Company*, 64 Iowa, 395, 20 N. W. 488, and in *Kenna v. Central Pacific R. Co.*, 101 Cal. 26, 35 Pac. 332, parts of the above excerpt, including the first sentence, were quoted approvingly, but neither case is founded upon an injury occurring in a public street. In *I. C. R. R. Co. v. Baches*, 55 Ill. 379, the defendant asked the court to give an instruction ending as follows:

"If the jury believe from the evidence that in this case the deceased, Jacob Baches, was upon the track of the defendant's railroad, not for the purpose of crossing over the same, but for the purpose of employing ing the same as a foot-path from his place of labor to his residence, it was negligence on his part to employ

such railroad-track for such a purpose, even though the jury should believe, from the evidence, that at the time he was so injured by defendant's cars he had actually proceeded to, and arrived at, a point within the boundaries of a public highway."

Of this instruction it was said in the opinion :

"No objection is perceived to this instruction.   It is evident that a place where a railway crosses a common highway is of more than ordinary danger, when cars are frequently crossing at that point; and it is evident that all persons of ordinary intelligence should use greater precautions to avoid danger than at a place of less hazard.   While all persons have a right to cross the railroad-track at the intersection of the two ways, it is the duty of such persons to do so with all reasonable dispatch, and it would be negligence in an intelligent person to be on the track of a railroad constantly used, unless for the purpose of crossing the same.   These principles are fairly and clearly announced by this instruction, and it should have been given."

A contrary view was expressed in *Kroeger v. Texas & P. Ry. Co.*, 69 S. W. (Tex.) 809, 811, where it was said :

"The jury should not have been told that it was appellant's duty to have walked on the outside of the rails if the road-bed was wide enough to leave sufficient room, in good condition for walking, outside the ties, for this was in effect telling them that he would, as a matter of law, be guilty of contributory negligence in walking down the center of the track between the rails."

In *Lake Erie and Western Railroad Co. v. Brafford, Administrator*, 15 Ind. App. 655, 664, 43 N. E. 882, 885, it was said, citing various Indiana cases :

"Appellee's decedent was not a trespasser, nor necessarily guilty of negligence, in walking along a railroad-track laid in a public street."

The Pittsburg, Cincinnati and St. Louis Ry. Co. v. Bennett, Adm'x, 9 Ind. App. 92, 35 N. E. 1033, and Fulmer v. Ill. Cent. R. R. Co., 68 Miss. 355, 8 So. 517, are to the same effect. In Fehnrich v. Railroad Co., 87 Mich. 606, 49 N. W. 890, the second paragraph of the syllabus includes this language :

"The ownership of a railroad company in its tracks upon a public street-crossing is not such as to make a man a trespasser unless he travels squarely across them."

The trial court held to the contrary, and two of the five judges of the supreme court dissented from the majority decision and voted to affirm, citing Kelley v. Mich. Cent. R. Co., 65 Mich. 186, 31 N. W. 904, 8 Am. St. Rep. 876.

These citations show some conflict of authority upon the question whether the mere fact of walking along a railroad-track laid in a public street constitutes negligence. There is here present, however ( as in several of the cases cited), an important element that limits the scope of the inquiry, in this, that the evidence discloses that the decedent, for the purpose of passing along Third avenue, could as well have kept off the tracks as upon them. The usual course of travel was to the south of them, while between them, or at all events to the north of them, there was also sufficient room for walking in safety, without subjecting the pedestrian to any inconvenience whatever. There is nothing in the record that suggests the slightest reason for walking upon the tracks rather than elsewhere. The question for our determination is, Under these circumstances, does the voluntary choice of the tracks as a foot-path constitute a want of ordinary care? In Tucker v. B. & O. R. Co., 8 C. C. A.

416, 59 Fed. 968, a case of injury to a licensee, not, however, in a highway, it was said:

"The track of a railroad over which frequent trains are passing is a place of danger. A person who goes upon it unnecessarily, or without valid cause, voluntarily incurs a risk for the consequences of which he cannot hold other persons responsible."

The second paragraph of the syllabus reads:

"It is negligence which will justify the withdrawal of a case from the jury for a licensee to walk on or near a track in a railroad yard when, in the exercise of due care, it is admitted that he could have walked safely by the side of such track.",

In *Lewis v. G. H. & S. A. Ry. Co.*, 73 Tex. 504, 507, 11 S. W. 528, the following language was used, recognizing a distinction between the necessary and voluntary use of a railroad-track:

"Prudence may demand that a passenger should not go upon the track if it can be conveniently avoided; but, if the use of the track as a footway should be necessary to the use of the street, one so using it could not be deemed a trespasser."

An allegation in the petition that the railroad-track was "necessarily used" by the public was held to mean that the street was so narrow, or otherwise obstructed, that there was not room to walk in the street without going upon the track. In the course of the decision in *Gulf, C. & S. F. Ry. Co. v. Wilkins* (Tex.), 32 S. W. 351, in which contributory negligence was held to prevent a recovery, it was said:

"The evidence warrants the conclusion that appellant, when struck, was in Key street, but he was at a point in it which was not used as a crossing. . . . Appellee was not attempting to cross the railroad, but was walking parallel with it, and near enough to it to be struck by the car. . . . It may be conceded,

also, that appellant was guilty of negligence in switching the car across or along the street as it did. The question then remains, Was appellee free from negligence in walking so close to the track as to be struck, without looking behind him? In the first place, his act in walking so close to the track exposed him to constant danger. This is so obvious as to need no illustration. . . . Nor is he relieved by the fact that when struck he was in a street. That fact has not, so far as we can see, any influence upon the question of his negligence. . . . He was not attempting to cross the street. The risk which he would have incurred, had that been his predicament, would have been very small compared with that to which he was exposed in walking along the track. . . . One walking, as was appellee, is constantly exposed, and at the same time is situated so that he cannot constantly see the dangers that approach; and this shows the fact that one who voluntarily places himself in such a situation cannot be truly said to be acting prudently."

In *McIlhaney v. Railway Co.*, 120 N. C. 551, 26 S. E. 815, the plaintiff had been injured while walking along a railroad-track in a street nearly taken up with the tracks. The spaces between the tracks were paved with coal-dust, and afforded a good walking-way. In the decision it was said:

"Although the public were accustomed to use the street and the tracks for walking-ways, yet the plaintiff must have known that such use was at all times attended with some risk. And this risk was necessarily increased with the darkness of the night. The use to which this street was put was a standing warning to pedestrians to be most careful when they undertook to walk through it. . . . This is not the case of one attempting to pass at a railroad-crossing in a city. . . . When, under these circumstances, the plaintiff left the safe walking-way where he was, a place prepared by the defendant, and where no harm could have come to him had he continued in it,

the night being dark and it raining, with no lights on the street, and put himself on the defendant's track, he was negligent, and contributed to his own injury. . . . But it must be borne in mind that the place where the plaintiff was injured was not a crossing, but upon a street filled up with four railroad-tracks, and constantly used for railroad purposes. The facts concerning plaintiff's conduct were undisputed, and we think but a single inference could be drawn from them by fair-minded men, and that is, that a prudent man would not have acted as the plaintiff did on the occasion of his injury."

In *Beck v. Vancouver Railway Co.*, 25 Ore. 32, 34 Pac. 753, an action for injuries from being struck by a train while plaintiff was walking along a railroad-track in a street, the second paragraph of the syllabus reads as follows:

"If one deliberately, and with his eyes open, goes into danger, he will not be heard to complain because he has been injured; it is his duty to use all the ordinary means that men generally use for their preservation, and if he fails in that regard, if he is apprised of the situation, and chooses a way of danger when a way of safety is open to him, he is guilty of contributory negligence, and must abide the result of his hardihood."

In *Loughrey, Appellant, v. Penna. R. R. Co.*, 201 Pa. St. 297, 50 Atl. 972, the supreme court approved the opinion of the lower court, as follows:

"The nonsuit was entered in this case because plaintiff's own testimony showed contributory negligence on the part of the victim of the accident. He was walking along a street occupied by a double-track railway, on one of the main tracks, or so close to it as to be struck by the passing engine. It appears that there are no sidewalks on this street, but that there is at each side of these main tracks room for a wagon to pass along. Under these circumstances, without

2—67 KAN.

explanation of the necessity', we must conclude that it was negligence for this party to walk along the track, just as it would be negligence for foot-passengers without necessity to leave a sidewalk and walk in the roadway. But it is said that at the point of the accident there was a siding, which made a third track on the street. This might justify or excuse a walking on the siding, but not on the main track. There would seem even here to have been abundant room on the side of the street away from the siding for this person to walk, and he could have here walked in safety from engines on either the main track or siding. In any event, nothing has been shown which absolves him from the charge of negligence in walking along the main track.''

In harmony with the spirit of these expressions, we hold that, where railroad-tracks are laid in a public street, and there is room for a pedestrian who wishes to travel along the street to walk in safety outside the tracks, and there is no reason resting in either necessity or convenience for his going upon them, it is negligence for him to walk along a track between the rails. Since the negligence of the deceased in walking upon the track obviously contributed to the occurrence that caused his death, it follows that the demurrer to the evidence should have been sustained.

It is argued by defendant in error that the conduct of the company was of such character as to cut off the defense of contributory negligence. To sustain this contention would require a finding that the injury was intentionally and wantonly caused by the defendant. (*U. P. Rly. Co. v. Adams*, 33 Kan. 427, 6 Pac. 529.) We do not think that the evidence would justify such a finding, nor was this theory presented by the trial court to the jury.

Even if the evidence had shown a substantial reason for walking upon the tracks rather than outside them,

there is another feature of the case that might prevent a recovery. Plaintiff's evidence tends to show that there was nothing to prevent decedent from seeing the car in time to avoid it unless it was the fact that the glare of the headlight practically blinded him. The petition alleges that it confused his vision. While the occurrence took place at night, and the testimony does not disclose the character of the artificial light, the eye-witnesses already referred to were able to see the car for a time, and perhaps until the engine cut off their view. One of them said there was nothing to obstruct decedent's view of the car unless the headlight blinded him. This language obviously has reference to anything that might in any way have prevented decedent's seeing the car, and not merely to an intervening obstacle. In the brief of plaintiff in error it is said that Starr stepped out from the glare and blinding light caused by the headlight of the engine into the darkness north of the main track. If the only thing that prevented his seeing the car in time to avoid it was the fact that he had voluntarily remained directly facing the headlight until it temporarily blinded him, or if he stepped upon the house track when he was in such condition that he could not see whether it was clear or not, his situation was very similar to that of one who goes upon a railroad-track while his view is temporarily obscured by smoke or by some obstruction due to his own act, and he would not be entitled to recover. As a decision of this question is not necessary to a determination of the case, we shall not pass on it.

The judgment is reversed, and the cause remanded with directions to grant a new trial for the error in overruling the demurrer to the evidence.

All the Justices concurring.