NEWTON v. CITY OF DALLAS. (No. 7888.)

(Court of Civil Appeals of Texas. Dallas. Feb. 9, 1918. Rehearing Denied March 16, 1918.)

1. DEDICATION ⊙⟞35(3) — STREETS — ACCEPTANCE.

Where a triangular piece of land, dedicated to street purposes, was thereafter incorporated within the limits of a city, which improved a portion of the street, but not the triangular parcel, there was a sufficient acceptance of the dedication by the city.

2. EVIDENCE ⊙⟞568(1)—STREET DEDICATION—ACCEPTANCE.

An assistant city engineer's testimony tending to show that the city had not accepted a triangular portion of a street held not binding upon the city, and only entitled to such weight as the trial court might give to his opinion.

3. DEDICATION ⊙⟞39—STREETS—ESTOPPEL.

Where a landowner fenced a small portion of an adjoining city street with knowledge that such street had been publicly used for about 27 years, the city is not estopped from soon thereafter disputing the right of the landowner to maintain such inclosure.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Belle Newton against the City of Dallas. Judgment for defendant, and plaintiff appeals. Affirmed.

U. F. Short and K. R. Craig, both of Dallas, for appellant. L. R. Callaway, Lee Richardson, Royall R. Watkins, E. P. Dougherty, and Etheridge, McCormick & Bromberg, all of Dallas, for appellee.

RAINEY, C. J. This suit was instituted by appellant to restrain the appellee from tearing away a fence she had placed on a strip of land which she claimed to own and which the city claimed had been dedicated by the owner to the public for a street. A trial resulted in judgment for the city; hence this appeal by Mrs. Newton.

The small strip of land of triangular shape here in controversy was formerly a part of the Snodgrass estate of 24 acres, which lay just outside of the city limits. In partitioning said 24 acres of land between the heirs the district court of Dallas county divided it into blocks and lots with streets and alleys between the blocks. On the map hereto attached said strip is designated by red lines,[1] also in the statement of facts as Exhibit A thereto attached. The partition judgment duly recorded shows the division of the Snodgrass land as divided. After the division was made the public began to travel the streets, and shortly thereafter said land was incorporated into the city limits, but the city did not do any work thereon, except upon Gano street, which it graded by throwing up the middle, leaving gutters along either side. In doing this work it left the said strip of land on the outside thereof. The public occasionally traveled across the strip in going into Lytle alley and otherwise as occasion demanded. The appellant owned and resided on lot 5, block 1, adjoining said strip, but

[1] Shown herein by dotted lines.

did not own any part of said strip; however she fenced it to serve her own purpose just a short time before the bringing of this injunction suit. The triangular strip causes an offset in the south line of Gano street, at which point there is a curve making the street slightly wider.

[1] Appellant presents by brief and by argument:

That said property was never dedicated to the city of Dallas for a public street, and that no part of the same which is embraced in her inclosure was accepted by the city as such street; "on the contrary, that the defendant had declined and refused to accept the same for street purposes, or for any other purpose, and the evidence shows that no prescriptive right to the use of said property had been acquired by the public by the use of said property as a street or otherwise, and that defendant had no right to or interest in any part of the premises embraced within her inclosure," "that said city is estopped from claiming it under the alleged dedication, and the owner of the property, who has title to the middle of the street (in this case to the whole of the street), has the right to extend her inclosure so as to abut on the street as established by the city."

At the time the dedication was made the land was not in the city limits, but was afterward incorporated therein, and when it was taken in the city at once became endowed with all the rights over the streets that followed the land by virtue of such dedication. It made no formal acceptance of the streets, nor was the city required so to do. It assumed control, worked, and improved Gano street, and at such time it did not improve the triangular strip but left it open for the use of the public.

[2] Counsel in their argument quote the testimony of J. M. Strong, assistant city engineer, to show a refusal to accept, as follows:

"The reason the city graded Gano street and macadamized it and did not do the triangle that way is because it has got no business with that triangle. It is because they would have to go down there that distance and then back through here with a gutter, which it did for drainage purposes, and leave the triangle out. I say that long prior to this there was a gutter along the south line of that triangle, and I say it is there now; that is, unless they have filled it up. The city did not make the sidewalk along the east line of this triangle. The public made it themselves. The city has not been following the policy of laying out sidewalks and building them whenever it intended to appropriate land for sidewalk purposes. I do not know whether there are numerous instances in the city where the water meters are placed inside the fence lines. The water pipe had been there for a long time before this controversy arose."

This was a matter about which Strong could not bind the city, and only amounts to his opinion in the premises and entitled to only such weight as the trial court saw proper to give to it.

[3] There is no estoppel shown in this case against the city. The appellant owned no interest in the said strip. She had built a board fence around it, and the city sought to have it removed, which it had the right to do. It was dedicated to the public, and

the city, being the guardian of the public interest, had the right to see that said strip remained open and unoccupied for the use of the public, especially as many of the lots in that addition had been sold and occupied.

The appellee cites the following authorities, to which we adhere, viz.: Corsicana v. Zorn, 97 Tex. 323, 78 S. W. 924; Martinez v. Dallas, 102 Tex. 59, 109 S. W. 287, 113 S. W. 1167; Heard v. Connor, 84 S. W. 606; Holt v. Railway Co., 160 S. W. 328; Buchanan v. Railway Co., 180 S. W. 627; Poindexter v. Schaffner, 162 S. W. 24; Spencer v. Levy, 173 S. W. 550; Perry v. Ball, 52 Tex. Civ. App. 134, 113 S. W. 589.

Counsel for appellant in support of their theory of estoppel, among others, cite the case of Krause v. City of El Paso, 101 Tex. 211, 106 S. W. 121, 14 L. R. A. (N. S.) 582, 130 Am. St. Rep. 831, which we think is not applicable to this case. In that case the city sought to compel the owner of a brick house to move said house out of the street, which had been erected there for quite a number of years with the consent of the city. Under the facts of that case we find no criticism, but here there are no such equities, as the appellant had been at practically no expense, and as to her being cut off from Gano street she knew of the dedication and the situation in regard to the lot; said street having been used by the public as necessary and a convenience required for about 27 years.

The evidence supports the judgment of the court below, and, that court having so found, it is affirmed.

Affirmed.

