[S. F. No. 3184.  Department Two.—June 10, 1905.]

## OLE OLSEN, Respondent, v. GEORGE D. GRAY et al., Appellants.

MASTER AND SERVANT—NEGLIGENCE—INJURY FROM BUNCH OF SHINGLES —INSTRUCTIONS TO SERVANT—SAFETY OF APPLIANCE—QUESTIONS FOR JURY.—In an action by a servant for injuries sustained in being struck with a bunch of shingles while helping to load a vessel therewith, which knocked him across an unsuitable table without guards, and precipitated him down a hatchway, where, under the evidence, it was at least debatable whether there was occasion for the employer to instruct the plaintiff as an inexperienced servant in putting him at such employment for the first time, and whether the table was suitable and safe, and not obviously inadequate or dangerous, such questions were for the jury to determine.

ID.—GRAVAMEN OF ACTION—INSTRUCTION PROPERLY REFUSED—NEGLIGENCE OF FELLOW-SERVANTS.—The gravamen of the action being the negligence of the defendant in using an unsafe table, it was proper to refuse an instruction that the leaving of the hatchway open was the negligence of fellow-servants.  The precipitating him down the hatchway was a mere incident of his misfortune, and it would not have exonerated the defendants from liability for the striking of the plaintiff with the bunch of shingles to his injury, upon an unsafe table, had the hatchway been closed.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial.  E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. N. Gillett, and F. A. Cutler, for Appellants.

Denver Sevier, and T. H. Selvage, for Respondent.

HENSHAW, J.—Plaintiff sued defendants to recover damages for personal injuries sustained by him while in their employ.  Trial was had before a jury and plaintiff recovered. From the judgment which followed and from the order denying defendants' motion for a new trial they appeal.  Appellants contend that plaintiff was injured through one of the ordinary risks of the employment in which he was engaged, and that for such injury so received they are not responsible.

Respondent's answer is, that he was a young man, inexperienced in the work to which he was put, that he was set about his task without instruction or warning as to the danger which he was incurring, and moreover, that the appliance furnished for the work was inadequate and unsafe.

Plaintiff was a young man about twenty years of age, and had taken employment to help load a lumber vessel with shingles. In the language of the first officer of the ship, he was a "green hand," a "greenhorn," and could not talk English very well. His first employment was in the hold of the vessel, placing the bundles of shingles. Later in the day he was ordered on deck and put to work shoving bundles of shingles across a table into an open hatchway. The table was about three feet wide, one end of it was placed on the railing of the steamer, and it ran out across the hatchway and rested on a bundle of shingles on the other side of the hatchway. It was, according to the testimony of the first officer of the ship, a permanent piece of work which was kept and used on board the ship all the time. The shingles from the landing came down a slide or chute onto this table, and were pushed across it into the hold. The table was without side-guards or flanges to hold the bundles in place. Plaintiff was called by the captain from his work in the hold and, without any warning or instruction as to the character or danger of the work, was told to go up and shove shingles across the table. He had been engaged in this work about ten minutes, when the swaying of the ship started the bunches of shingles rapidly down the chute, and one of them leaving the table struck the defendant while he was pushing shingles on toward the hatchway, and knocked him from the deck to the bottom of the hold, a distance of twelve or fourteen feet.

Under the evidence, it is at least debatable, and was therefore a matter for the jury, whether the perils and risks of the employment were so obvious to the eye and to the understanding that there was no occasion for the employer to instruct his servant in putting him at this new task. It appears that this was the first time the plaintiff had ever been engaged in this particular operation. But even resolving this question in favor of appellant, it was certainly for the jury to say, under the evidence submitted, whether or not the appliance furnished by the defendants through their ship's

CXLVII. Cal.—8

officers was reasonably safe and suitable for the work to be performed. And upon this point it is sufficient, as showing the conflict in evidence, to quote from the appellant's witness Peter Hansen, who had been engaged in the manufacture and shipping of shingles from the place of the accident for twenty years. He says: "It would be better if they had a guard on each side of the table to keep the shingles from falling off, but it is not customary to do so. They never take the pains." It is true, as is said in *Sappenfield* v. *Main-St. etc. R. R. Co.*, 91 Cal. 48, 27 Pac. 590, that when an appliance or machine not obviously dangerous has been in daily use for a long time, and has uniformly proved safe and efficient, its use may be continued without the imputation of imprudence or carelessness. But the very question to be resolved by the jury in this case was whether the appliance was not obviously inadequate or dangerous. And if it shall appear to the jury, as in this case it did, that it was an unsafe appliance, the danger from the use of which could have been eliminated by the simple addition of side-guards or flanges, it becomes such a question as that considered by this court in *Monaghan* v. *Pacific Rolling Mill Co.*, 81 Cal. 193, 22 Pac. 590, where it is said: "Appellant argues that the evidence was insufficient to prove that the machinery was defective or unsafe. . . . It is argued that it had hung suspended there for some years without accident; but that circumstance is only a matter of wonderment, and is an instance of how good luck will sometimes protect carelessness for long periods."

Appellant complains of the court's refusal to give an instruction to the effect that if the jury found that there was material for covering the hatchway provided by defendants, and that by using this material to cover the hatchway it would have been safe, so that the plaintiff could not have fallen into the hold of the ship, and it was negligence not to cover up said space in said hatchway, then that plaintiff was injured by the acts of his fellow-servants in not so covering up the hatchway, and defendants are not liable. This instruction the court correctly refused to give. It mistakes the gravamen of the action. The negligence charged against the defendants was not in failing to cover the hatchway, but it was negligence in furnishing an unsuitable table, because of which plaintiff was struck by a flying bunch of shingles and

injured.   It is true that the bunch of shingles precipitated him down the hatchway, but that was a mere incident to his misfortune.   Negligence is not predicated by plaintiff upon the open hatchway, nor would it have exonerated defendants from liability had the hatchway been closed.   Plaintiff would still have been struck by the shingles, and no one could declare what injuries might have resulted to him—whether they would have been less or greater than those actually received, even if he had not fallen down the hatchway.

The judgment and order appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.