[Civ. No. 407. First Appellate District.—March 12, 1908.]

## WILLIAM MUGFORD, Appellant, v. ATLANTIC, GULF AND PACIFIC COMPANY, Respondent.

NEGLIGENCE—FAILURE TO INSTRUCT EMPLOYEE—OBVIOUS DANGER—CONTRIBUTORY NEGLIGENCE—NONSUIT.—It was not negligence for an employer to fail to warn or instruct an adult employee, who was an experienced ship carpenter, familiar with the operation of a pile-driver, whose danger was obvious, though performing the unaccustomed duty of a loftsman, in placing his hand on the top of the pile-driver, where it was mashed by the descent of the hammer; and in an action for damages for injuries so sustained, he was properly nonsuited on the ground of contributory negligence for want of the ordinary prudence of an intelligent man on his part.

ID.—LIMITED DUTY OF EMPLOYER TO WARN OR INSTRUCT.—It is the duty of an employer to warn or instruct his employees only when the dangers of their employment are concealed. No such duty is imposed upon him where the dangers are obvious and apparent.

ID.—ASSURANCE OF FOREMAN—DUTY OF EMPLOYEE—ORDINARY CARE.— No assurance of a foreman can take from an employee the duty of guarding against obvious danger; and he fails in the exercise of ordinary care unless, at each stage of the work, he makes an effective use of his bodily and mental faculties, and observes, as attentively as possible under the circumstances, the condition of the instrumentalities by which his safety may be affected, and the results of their operation so far as the same may subject him to danger.

ID.—NEGLIGENCE—QUESTION OF FACT—QUESTION OF LAW.—Negligence or contributory negligence is a question of fact only where the question of its existence is fairly debatable. Where no negligence of the employer appears, and the employee manifestly failed to exercise ordinary care, the question of contributory negligence is one of law, and the plaintiff cannot recover.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Campbell, Fitzgerald, Abbott & Fowler, and Fitzgerald & Abbott, for Appellant.

The questions of negligence and contributory negligence in this case were questions of fact for the jury, being fairly debatable, and different conclusions might be drawn from the evidence. (*Fernandez* v. *Sacramento etc. R. R. Co.*, 52 Cal. 45; *McKeever* v. *Market St. R. R. Co.*, 59 Cal. 294; *Chidester* v. *Consolidated etc. Co.*, 59 Cal. 197; *House* v. *Meyer*, 100 Cal. 592, 35 Pac. 308; *McKune* v. *Santa Clara etc. Co.*, 110 Cal. 480, 42 Pac. 980; *Herbert* v. *Southern Pac. Co.*, 121 Cal. 227, 53 Pac. 651; *Liverpool etc. Ins. Co.* v. *Southern Pac. Co.*, 125 Cal. 434, 58 Pac. 55; *Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 656, 64 Pac. 993; *Olsen* v. *Gray*, 147 Cal. 112, 81 Pac. 414; *Doyle* v. *Eschen*, 5 Cal. App. 55, 89 Pac. 836, and cases cited.) The master's duty to warn of danger cannot be delegated so as to relieve him from responsibility. (*Bone* v. *Ophir Silver Mining Co.*, 149 Cal. 293, 86 Pac. 685, and cases cited.)

Burke Corbet, and J. R. Selby, for Respondent.

The owner is not obliged to warn or instruct an employee as to obvious danger, apparent to any person of ordinary intelligence, or of such intelligence as he may be presumed to have. (20 Am. & Eng. Ency. of Law, 94, and cases cited; 1 Labatt on Master and Servant, 522, and cases cited.) The promise by the master to take all the risk does not free the servant from the duty to take ordinary care against obvious danger. (*Phillips* v. *Michaels*, 11 Ind. App. 672, 39 N. E. 669; 20 Am. & Eng. Ency. of Law, 120; *Toomey* v. *Eureka etc.*, 89 Mich. 249, 50 N. W. 850; *Perschke* v. *Hencken*, 44 N. Y. Supp. 265; *Graves* v. *Brewer*, 4 App. Div. 327, 38 N. Y. Supp. 566; *Showalter* v. *Fairbanks*, 88 Wis. 376, 60 N. W. 257; *Rohrabacher* v. *Woodward*, 124 Mich. 125, 82 N. W. 797.) The employee assumes all patent or ordinary risks of his employment. (*Kean* v. *Detroit Copper & Brass Rolling Mills*, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; *McPhee* v. *Scully*, 163 Mass. 216, 39 N. E. 1007.)

KERRIGAN, J.—This action was brought by an employee of the defendant corporation to recover damages for personal injuries received while working on a pile-driver of defendant. At the trial below, at the close of plaintiff's case, the court granted a nonsuit. Plaintiff appeals from the judg-

7 Cal. App.—43

ment following the nonsuit and from an order denying a new trial.

The contention of the appellant is that the court erred in deciding that, as a matter of law, plaintiff was guilty of contributory negligence, and in taking the case away from the jury.

From plaintiff's case, as presented by his bill of exceptions, the following undisputed and uncontradicted facts appear:

William Mugford, at the time of the accident, was a thoroughly competent ship carpenter. He had worked at his trade seven or eight years in different places in the United States and elsewhere. He had worked on the pile-driver three and one-half days, during which time he pulled ropes and poles around the pile-driver; sometimes he was on the deck of the scow on which the pile-driver stood, and sometimes in a boat running lines by which to handle the scow. On the morning of the accident, May 22, 1903, plaintiff was sent aloft to act as loftsman by the foreman. The duties of loftsman are to point a pile in the mud and put it in position upright between the "gins" of the pile-driver, which are the straight edges or guides at each side of the hammer, and then to place a ring on the top of the pile. Before directing the plaintiff to act as loftsman the foreman asked him how he was as a loftsman, and plaintiff answered that he did not know what the duties were, but that he would act as such. The foreman replied: "Go ahead, and I'll tell you what to do and take care of you." The plaintiff went aloft, a pile was put in place, and the plaintiff was told to measure the head of the pile to ascertain what size ring would be required. He did so, and replied that a fourteen-inch ring was necessary. The ring was tied on a rope kept for that purpose, the plaintiff pulled it up and put it on the head of the pile. Then he halloed to the foreman below, "Ring's on." That is the general signal given by loftsmen. Plaintiff testified that he did not know that the expression, "Ring's on," was the signal to let go the hammer. That after he halloed "Ring's on" he listened for a response, but did not "hear the foreman say anything." The foreman, whose duty it was to give the signal "to let go" told the engineer to "hit the pile." In the meantime the pile moved slightly, and the ring was displaced, whereupon the plaintiff halloed

"Hold on," and grabbed for the ring to keep it from falling. Just then the hammer came down and caught plaintiff's hand between the hammer and the head of the pile, and cut off all the fingers of that hand.

The evidence showed further that plaintiff was ignorant of the duties of loftsman, and was given no instruction beyond being told to measure the head of the pile, and he was not told that he was going to work in a dangerous place. The evidence also showed that plaintiff did not do his work that morning in the approved fashion.

As the negligence alleged is for the failure to warn and instruct plaintiff as to the dangers incident to his employment, it is proper to set forth briefly the testimony showing the character of the apparatus on which plaintiff was working. Plaintiff, according to his own testimony, knew how the pile-driver was operated. Charles Osberg, the engineer at the time of the accident, who was an experienced piledriver, and who had worked in every capacity in the business, testified that there was nothing about the pile-driver as to the lowering or dropping of the hammer, and the apparatus for that purpose, that an ordinary man could not see. Ernest Downing, the foreman, testified: "There is nothing about the pile-driver concealed that I know of. It is open and visible to everybody."

The trial court held that the evidence showed that the plaintiff was guilty of contributory negligence, and on that ground granted respondent's motion for nonsuit. In so ruling appellant claims that the court committed error; and in support of this claim cites the well-known rule that negligence is a question for the jury, even when there is no conflict in the evidence, if different conclusions on the subject can rationally be drawn from the evidence; or, as stated in other words, when the question of negligence is fairly debatable. (*Fernandez* v. *Sacramento etc. R. R. Co.,* 52 Cal. 45; *McKeever* v. *Market St. R. R. Co.,* 59 Cal. 294; *Chidester* v. *Consolidated etc. Co.,* 59 Cal. 197; *House* v. *Meyer,* 100 Cal. 592, [35 Pac. 308]; *McKune* v. *Santa Clara etc. Co.,* 110 Cal. 480, [42 Pac. 980]; *Herbert* v. *Southern Pac. Co.,* 121 Cal. 227, [53 Pac. 651]; *Wahlgren* v. *Market St. Ry. Co.,* 132 Cal. 656, [64 Pac. 993]; *Liverpool etc. Co.* v. *Southern*

*Pac. Co.,* 125 Cal. 434, [58 Pac. 55] ; *Olsen* v. *Gray,* 147 Cal. 112, [81 Pac. 414].)

Respondent, on the other hand, claims that the nonsuit was properly granted for the following reasons: (1) There was no evidence from which a reasonable man could find negligence causing the injury on the part of any person except the plaintiff. (2) If negligence, other than that of plaintiff, caused or contributed to the cause of plaintiff's injury, it was negligence of the foreman, a fellow-servant of plaintiff, and such conclusively appears from plaintiff's evidence in the matter. (3) Granting negligence on the part of defendant, the plaintiff was guilty of contributory negligence, and his negligence was so established by his own evidence that reasonable minds could not differ as to its existence.

These reasons, except the second, are the grounds on which the motion for nonsuit was based in the trial court. The second reason just stated was not specified in the trial court as one of the grounds of the motion, and appellant therefore objects to the point being raised in this court. While we think, under the circumstances of this case, that the objection has little, if any, merit, nevertheless, in view of the conclusion we have reached on the first and third reasons urged by respondent, no discussion of the one objected to will be necessary.

Appellant contends that respondent was guilty of negligence in not warning and instructing him of the dangers incident to his employment as loftsman. Under the well-settled law in this state and elsewhere, it is the duty of an employer to instruct his employees only when the dangers of their employment are concealed. No such duty is imposed on him where the dangers are obvious and apparent. (20 Am. & Eng. Ency. of Law, 94, and cases cited; 1 Labatt on Master and Servant, p. 522, and cases cited.) The rule is stated by Labatt in the following words: "The failure to give instructions, therefore, is not culpable, when the servant might, by the exercise of ordinary care and attention, have known of the danger, or as the rule is also expressed, where he had all the means necessary for ascertaining the actual conditions, and there was no concealed danger which could not be discovered."

The appellant was a man thirty-two years old, and an experienced ship carpenter. He had worked around this pile-driver three and one-half days. The work exacted of him as loftsman required no great amount of skill. The danger to which he was exposed and which resulted in his injury was obvious and apparent; hence, under the circumstances of this case, no duty of warning devolved upon respondent.

The statement of the foreman to appellant, "I will take care of you," did not impose on the respondent the duty of cautioning the appellant. The following cases hold that no assurance can take from an employee the duty of guarding against obvious danger: Labatt on Master and Servant, sec. 452, and cases cited; *District of Columbia* v. *McElligott*, 117 U. S. 621, [6 Sup. Ct. Rep. 884]; *Phillips* v. *Michael*, 11 Ind. App. 672, [39 N. E. 669].

This brings us to the subject of appellant's contributory negligence. We think appellant was negligent in allowing his hand to be hit by the hammer, and that his negligence in this respect was so apparent that reasonable minds could not differ about it. The appellant, of course, was bound to use such care as an ordinarily prudent man would use under similar circumstances, or men of such intelligence and knowledge as he (the appellant) may be presumed to have had. As we have seen, he was a man of mature years, a thoroughly competent mechanic in his line—that of ship carpenter. He went to work on a pile-driver, the operation of which was simple and open, and had worked on and about it for three and one-half days, when he was sent aloft to point or set a pile in the mud, and to place a ring on the top of the pile in order to keep the pile from spreading or splitting. He placed the ring on the pile, knowing why it was placed there, and halloed, "Ring's on," and the foreman then gave the signal to the engineer. In the meantime the ring fell off, and he halloed, "Hold on," and grabbed for the ring, and in doing so he put his hand on top of the pile, the hammer came down, struck his hand, and he was seriously injured. This certainly was not the act of a reasonably prudent man. Reasonable minds could not differ as to the character of such an act. The trial court, in granting the motion for nonsuit, in apt language expressed itself in part as follows: ". . . The evidence shows that before placing the ring

on top of the pile he knew, or must have known, that it was put there in order that the pile might be hit with the hammer without splitting; he informed the foreman below by calling out, 'the ring is on,' and the foreman then gave the signal to the engineer, and the hammer came down. In the meantime, after saying 'The ring is on,' he called out, 'Hold on,' which showed that he knew that the initiatory signal, as it may be called, had been given to let the hammer fall. He may not have known—he says he did not know—that that was the customary signal. But he knew it had some purpose. He announced that the ring was on for some purpose. Evidently to let the people below know, so far as he was concerned, the thing was ready; and when he had halloed out, 'Hold on,' it shows conclusively that he had given a signal before which would start the sequence of events which would result finally in the dropping of the hammer; yet he put his hand on the top of that pile, an act which a person of any intelligence whatever would have known was fraught with danger to himself.''

The rule applicable to this case is stated by Labatt in the following words: ''A servant is not in the exercise of ordinary care unless, at each stage of his work, he makes an effective use of his bodily and mental faculties, and observes as attentively as is reasonably possible under the circumstances the condition of the instrumentalities by which his safety may be affected, and the results of their operation by himself or others, in so far as that operation may tend to subject him to danger.'' (Vol. 1, sec. 332.)

And again in the American and English Encyclopedia of Law, the rule is given thus: ''One who is working in a place where, or with machinery or appliances by which he is exposed to danger, must exercise his faculties of sight and hearing for his own protection so far as proper attention to his duties will permit; and if he fails to do so, and is injured in consequence thereof, he is guilty of such negligence as will preclude a recovery for such injury.'' (See, also, Vol. 20, p. 144, 2d ed., citing, among other cases, *Kenna's Admr.* v. *Central Pac. R. R. Co.*, 101 Cal. 26, [35 Pac. 332].)

For the reasons stated the judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1908.